JOSEPH NEUBAUER v. THE LIQUOR CONTROL
COMMISSION

MALTBIE, C. J., AVERY, BROWN and JENNINGS, Js.[1]

Argued April 2—decided June 6, 1941.

*Monroe S. Gordon,* for the appellant (plaintiff).

[1] By agreement of counsel this case was argued before and decided by four judges.

*Leo V. Gaffney*, assistant attorney general, with whom, on the brief, was *Francis A. Pallotti*, attorney general, for the appellee (defendant).

BROWN, J. The plaintiff since 1936 has conducted a restaurant in New Britain with facilities sufficient to satisfy the requirements of General Statutes, Cum. Sup. 1935, § 1012c (7), as to dining room and kitchen accommodations and equipment. Since 1937 he had had a restaurant permit for the premises issued by the defendant. On June 26, 1939, the defendant revoked this permit on 'the ground that the place was not a restaurant within the contemplation of the above section of the Liquor Control Act. The Superior Court upon the plaintiff's appeal rendered judgment for the defendant, having concluded that its action in revoking the permit was not arbitrary, illegal and contrary to law. *Skarzynski* v. *Liquor Control Commission*, 122 Conn. 521, 525, 191 Atl. 98. Whether the trial court was correct in so ruling is the question determinative of the present appeal. A full transcript of the testimony produced before the defendant commission, together with its finding, was introduced in evidence before the Superior Court. It therefore could and should have determined the appeal upon that record. *Kram* v. *Public Utilities Commission*, 126 Conn. 543, 550, 12 Atl. (2d) 775; *Skarzynski* v. *Liquor Control Commission*, supra, 526; *Grady* v. *Katz*, 124 Conn. 525, 530, 1 Atl. (2d) 137. The court suggested in its memorandum of decision, however, that it went "beyond the legal necessities of the case," receiving in evidence both the record referred to and the testimony of the witnesses de novo. Upon this evidence it reached its decision and has made its finding. Since both parties have acquiesced in this procedure and the plaintiff's assignments of error are predicated solely

upon the record so presented, we determine the case upon this basis.

One of the court's conclusions was that "Service of hot meals was so insufficient in nature and amount that it is apparent they were a mere pretext. This was not a bona fide restaurant. The principal purpose and enterprise was the sale of intoxicating liquor." It is evident from the facts contained in the finding of the defendant commission, that it was for this reason it had determined that the plaintiff's place was not a restaurant within the contemplation of the statute, which provides: "(7) The word 'restaurant' means space, in a suitable and permanent building, kept, used, maintained, advertised and held out to the public to be a place where hot meals are regularly served at least twice daily as the principal business conducted therein, but which has no sleeping accommodations for the public and which shall be provided with an adequate and sanitary kitchen and dining room and shall have employed therein at all times an adequate number of employees." Since the adequacy of the physical equipment of the plaintiff's premises is not challenged, the question is whether, upon the facts found by the court, the commission was warranted in concluding that as the place was operated by him the service of hot meals was insufficient in nature and amount to meet the requirements of the statute. *Guillara* v. *Liquor Control Commission*, 121 Conn. 441, 446, 185 Atl. 398. It is apparent from the facts found that the defendant was justified in concluding that this place was not a restaurant within the meaning of the statute, because the service of hot meals was insufficient in nature and amount, "to evidence and afford assurance of a bona fida restaurant business instead of a mere pretext for the obtaining of a permit to sell

alcoholic liquor as a principal purpose and enterprise." *Guillara* v. *Liquor Control Commission, supra.*

In argument the plaintiff relied primarily upon a claimed correction of the finding showing the plaintiff's total monthly receipts for the sales of food and of liquor from May 1, to December 31, 1939, his contention being that the relatively large amount of the former as compared with the latter for this seven months period affords much more convincing evidence of the true nature of the business as a restaurant than do the facts reported from the brief inspections by investigators for the defendant on a few isolated days. The court refused to find the paragraphs of the plaintiff's draft finding containing these figures. The plaintiff contends, however, that since these paragraphs were admitted by the defendant's counter-finding, these are undisputed facts which he is entitled to have added to the finding. The defendant's admission was made pursuant to Practice Book, § 342. Such an admission cannot bind the trial court in making its finding. *Wilson* v. *M & M Transportation Co.,* 125 Conn. 36, 42, 3 Atl. (2d) 309. The finding cannot be corrected. The court did not err in dismissing the appeal.

There is no error.

In this opinion the other judges concurred.