TERRELL, Acting Chief Justice.
Pursuant to hearing as required by Section 511.051, F.S.A., the Florida Hotel and Restaurant Commissioner, hereafter referred to as the Commissioner, issued an order suspending for 30 days certain licenses of appellee. On appeal by certio-rari the Circuit Court quashed the order of the Commissioner. We are confronted with an appeal from the order of the Circuit Court.
The sole point for determination is whether or not the evidence was sufficient to support the order of the Circuit Court quashing the order of the Commissioner.
. The answer to this question turns on whether or not the evidence shows that the “owner, lessee, or .manager, or any other person having, exclusively or with others, either direct or indirect;,charge, control or management of such hotel * * * knowingly lets, leases or gives space * * * for gambling purposes * * Such is the language of the pertinent statute and the evidence should meet it’s requirements.
There is evidence that two bookmakers plied their trade about the hotel and grounds promiscuously on March 3, 1952, but there is no showing that such was their habit or that knowledge of their conduct was brought to the owner, lessee, manager, or other person having control of the hotel. The statute contemplates that there must be knowledge of the gambling on part of the owner, lessee or manager or that he must have given his consent to the use of space on the hotel premises for that purpose. The fact that “desperadoes” or others in the guise of bookmakers secretly invaded the premises of the hotel on a single afternoon in the absence of the manager or owner and without his knowledge or consent, distributed Harvey A. Jr. scratch sheets and other racing information, is not sufficient to convict the manager of violating the statute. •
The chancellor so found. He was the assayer of the facts, there was ample evidence to support his findings and there is nó showing of bad faith, abuse of discretion or improper influence. Under such circumstances we will not disturb his *770 findings. The law does not require that che owner or manager of a hotel post himself at the threshold and challenge the purpose and motive of every guest that enters. He is expected to exercise reasonable care that his place be not used as a refuge for gambling or gamblers to ply their trade.
The statute clearly contemplates something in the nature of a liaison between the owner or operator of the hotel and the bookmaker or other person who uses any portion of the hotel premises for gambling. This is the gist of the case and a careful review of the evidence does not show this, so the judgment appealed from should be and is hereby affirmed.
Affirmed.
MATHEWS and DREW, JJ., and JONES, Associate Justice, concur.