99 So.2d 852 (1958)
FLORIDA HOTEL AND RESTAURANT COMMISSION, Appellant,
v.
R.A. DOWLER, Appellee.
No. 28982.
Supreme Court of Florida.
January 24, 1958.
*853 Richard W. Ervin, Atty. Gen., and James L. Graham, Jr., Asst. Atty. Gen., for appellant.
J. Irvin Walden, Sarasota, and Jerry R. Hussey, Bradenton, for appellee.
DREW, Justice.
This appeal presents for consideration the judgment of a circuit court on petition for certiorari which quashed an order of the hotel commissioner suspending the license of a motel owner.
Section 509.261, Florida Statutes 1955, F.S.A. provides:
"Proceedings of the hotel commission may be reviewed by certiorari to the circuit court of the circuit in which such licensed establishment is located and appeals from any decision of the circuit court may be taken to the supreme court of Florida in the same manner and subject to like conditions as appeals in chancery are taken."
The provision for appeal to the Supreme Court was proper under Article V of the Constitution of Florida, F.S.A. prior to July 1, 1957, see South Atlantic Steamship Company of Delaware v. Tutson, 1939, 139 Fla. 405, 190 So. 675; but under amended Article V, such an appeal can no longer be prosecuted to the Supreme Court. Article V, Section 5(c) and Article V, Section 4(b) of the Constitution as amended July 1, 1957. Cf. Codomo v. Shaw and Florida Real Estate Commission, Fla., 99 So.2d 849. However, this appeal was perfected prior to July 1, 1957, and this Court retained jurisdiction and authority pursuant to Article V, Section 26(6) of the Constitution as amended July 1, 1957.
In this case the circuit court reviewed the record of the hearing which resulted in the license suspension by the hotel commissioner, and entered an order which only stated:
"This Cause coming on to be heard and after hearing argument of Counsel for the Plaintiff and Defendant,
"The Certiorari prayed for in this Cause is hereby granted and the Judgment of the Florida Hotel and Restaurant Commission entered in this Cause is hereby quashed, vacated and set aside."
It has long been the custom and practice in this Court to write an opinion where the judgment being reviewed is reversed. Occasionally a cause will be reversed by memorandum decision upon the authority of a particular case. Except under most unusual circumstances, it is only in those cases where the action being reviewed is found to be free of harmful error, that the judgment of the Court being reviewed is affirmed without opinion. The order that we review in this case is unusual because it reversed the action of the Hotel and Restaurant Commission under review by a memorandum decision without stating any findings or citing any authority. Such a judgment presents a difficult problem on review to this Court. In fine, under such circumstances we are required to plow the same ground as the circuit judge and such constitutes a duplication of effort and a waste of judicial labor. An orderly and efficient procedure would require the court which initially reviews the record as an appellate court to write an opinion or cite authority supporting the conclusion he *854 reaches, particularly where a cause is to be reversed. If such is done, it will greatly facilitate the review of the correctness of that judgment by this Court and will probably render unnecessary appeals in many cases.
We have reviewed the record here anew and find the end result reached by the circuit judge to be without error and it is, therefore, affirmed.
TERRELL, C.J., and ROBERTS, THORNAL and O'CONNELL, JJ., concur.