ALLEN, Judge.
This case is before this Court on a motion to dismiss the appeal. The appellees applied to the Pinellas County Water and Navigation Control Authority for a permit to fill certain lands in Boca Ciega Bay. The matter was referred by the Authority to an Examiner who made his recommendations and findings to the Authority. He recommended the granting of the permit. Thereafter, the Board of County Commissioners of Pinellas County, sitting as the Pinellas County Water and Navigation Control Authority, granted the permit and on petition for rehearing, denied said petition.
An appeal was taken from the denial of the petition for rehearing to the Circuit Court of Pinellas County, which court affirmed the action of the Pinellas County Water and Navigation Control Authority. The appellants appealed the order and decisions of the Circuit Court to this Court.
The motion to dismiss the appeal raises the question of the jurisdiction of this Court to hear said appeal. Chapter 31182, Laws of Florida, Special Acts of 1955, created the Pinellas County Water and Navigation Control Authority, authorizing it to regulate and control submerged and overflow lands and other sovereignty lands in Pinellas County. The Act provided for public hearings on applications for permits, authorized the Control Authority to make findings of fact according to standards set forth in the Act, and provided for the right of re-hearing and the right of appeal from orders of the Control Authority.
The last paragraph of Section 8(e) of Chapter 31182, supra, provides:
“Any person, firm or corporation, including the state of Florida, Pinellas county and any municipal corporation in said county, who is aggrieved by the Board’s ruling on the petition for rehearing shall have the right to have the entire cause reviewed by the Circuit Court of the Sixth Judicial Circuit of Florida in and for Pinellas county as provided by law for other appeals to the Circuit Court.”
The appellants argue that the Circuit Court should not be considered as an appellate court in this case, but as a trial court. If the Circuit Court should be deemed a trial court under its duties as set forth in Chapter 31182, supra, then this court would have the right to determine this case under its constitutional authority to hear appeals, etc. from trial courts. Fla.Const. Art. V, Sec. 5(c), F.S.A.
Several Florida Statutes, in many respects similar to Chapter 31182, supra, provide for appeals to the Circuit Court from decisions of various commissions or boards. A few of these statutes are hereinafter *805 mentioned. Chapter 509, Florida Statutes, F.S.A., among other things, created a Hotel and Restaurant Commission which is authorized to make rules and regulations to carry out the purposes of the Chapter, to conduct hearings, and, through inspectors, to police the hotel and restaurant businesses in the State. Section 509.261, Florida Statutes, F.S.A., provides for the revocation or suspension of licenses, etc., and subsection (c) provides for appeals as follows:
“Proceedings of the hotel commission may be reviewed by certiorari to the circuit court of the circuit in which such licensed establishment is located and appeals from any decision of the circuit court may be taken to the supreme court of Florida in the same manner and subject to like conditions as appeals in chancery are taken.”
There have been several cases appealed to the Supreme Court of Florida from decisions of the Circuit Court on certiorari under the above act, including: In re Sea Island Corp., Fla.1953, 64 So.2d 769; In re Smith, Fla.1954, 74 So.2d 353; and Florida Hotel and Restaurant Commission v. Dowler, Fla.1958, 99 So.2d 852.
In the case of Florida Hotel and Restaurant Commission v. Dowler, supra, the Supreme Court held that though under Constitutional Art. V, as amended, an appeal could no longer be prosecuted to the Supreme Court, the Supreme Court retained jurisdiction and authority to review judgments of the Hotel and Restaurant Commission where the appeal was perfected before July 1, 1957.
The Court further held that under the amended constitutional provision relating to courts after July 1, 1957, an appeal could not be prosecuted to the Supreme Court by petition for certiorari from a judgment of the circuit court which quashed an order of the Hotel and Restaurant Commission.
We cite the above statute and decision involving the Hotel and Restaurant Commission because of a similarity between such statute, with reference to appeals, and the part of Section 8(e) of Chapter 31182, supra, which provides for appeals.
Chapter 501 of the Florida Statutes, F. S.A., among other things, created the Florida Milk Commission and gave it various powers with reference to the issuance of licensees, etc. Section 501.09 relates to the issuance, revocation, etc. of licenses to milk dealers. Subsection (5) provides that any applicant aggrieved by the action of the commission may file a petition in error in the circuit court which shall, in turn, have jurisdiction to reverse, vacate, or modify such order. This section further provides that no court, other than the circuit court, may review, suspend or delay any order made by the commission with reference to a license and “all rights of appeal from a decree in the circuit court, in chancery, shall exist and be preserved as in other cases”.
In the recent case of National Dairy Products Corporation v. Odham, Fla.1958, 100 So.2d 394, 395, the Supreme Court, in an opinion by Mr. Justice Hobson, said:
“Under the Codomo case, supra (Codomo v. Shaw, Fla.1958, 99 So.2d 849), the appellate procedure provided for in F.S. § 501.09(5), F.S.A. has been superseded by the Florida Appellate Rules and the challenged orders are reviewable only by petition for certiorari as provided by the Rules. Also, as in the Codorno case, no powers have been provided by law which would authorize the district courts of appeal to review the orders complained of. Jurisdiction to review such orders is presently lodged only in this court and in the circuit courts. As a matter of judicial administration, this court will not ordinarily issue the writ of certiorari to review the rulings of an administrative board so long as a court of inferior jurisdiction as empowered to issue it. Accordingly, under Rule 2.1, subd. a(5) (d), Florida Appellate Rules, the petition for certiorari and other papers filed in this court will, at the expiration *806 of five days from the filing of this opinion, be transferred to the Clerk of the Circuit Court of the Second Judicial Circuit, Leon County, Florida. * * ⅜»
In the case of Codomo et al. v. Shaw et al., Fla. 1958, 99 So.2d 849, 851, the Florida Supreme Court held that under Article V, Section 6(c) of the Constitution, as adopted in 1956, the Supreme Court and the Circuit Court had jurisdiction to review by certiorari final orders of the Real Estate Commission, and that the District Court of Appeal did not.
The Court further held that the statutory right of appeal to the Circuit Court from a final order of the Real Estate Commission (Section 475.35, Fla.Stat., F.S.A.) was removed by elimination of the constitutional provision giving circuit courts appellate jurisdiction of such matters as the Legislature might provide; that such statute was superseded by the appellate rule providing that appellate review of rulings of any commission or board shall be by certiorari; and that, therefore, appeal would not lie to circuit courts from final orders of the Real Estate Commission suspending registration of real estate brokers.
Section 475.35, Fla.Stat, F.S.A., herein-above referred to, provides:
“(1) The defendant may appeal from a final order of the commission to the circuit court of the county from which he applied for registration * * * If such appeal is taken to the circuit court of some other county, it shall not for that reason alone be dismissed, but, if objection be made, it shall be transferred to the circuit court of the proper county upon order of the court to which the appeal was originally taken * * *. Such appeal shall be taken by filing a notice of appeal with the clerk of appellate court within thirty days after a copy of the final order of the commission * * * (Italics ours).
“(2) The party taking an appeal to the circuit court shall be the appellant therein, and the original plaintiff and the commission shall be the appel-lees. * * *
* * ⅜ ⅜ ⅜ *
“475.36 Appeal to supreme court.— If an appellant or the appellees in any appeal under § 475.35 shall be dissatisfied with the judgment of the circuit court, such party or parties may appeal therefrom to the supreme court within thirty days after the entry of the judgment and in the manner prescribed by the statutes and the rules of the supreme court as applied to appeals in chancery cases, * * * ”
In discussing this statute, the Court commented on the jurisdiction of the Supreme Court, the district courts of appeal and the circuit courts under amended Art. V. With reference to the jurisdiction of the Circuit Court, the Court quoted from the Constitution, art. 5, § 6 and from the Florida Appellate Rules, 31 F.S.A., as follows :
“‘(c) * * *. They shall have final appellate jurisdiction in all civil and criminal cases arising in the county court, or before county judges’ courts, of all misdemeanors tried in criminal courts of record, and of all cases arising in municipal courts, small claims courts, and courts of jzistices of the peace. The circuit courts and judges shall have pozver to issue writs of mandamus, injunction, quo zvarranto, cer-tiorari, prohibition, and habeas corpus, and all writs necessary or proper to the complete exercise of their jurisdiction * * * ”,
“Florida Appellate Rules — ■
“‘Rule 1.4 Effective Date: Repeal.
“ ‘These rules shall become effective July 1, 1957. Proceedings commenced prior to July 1, 1957, shall be governed by the rules theretofore in effect. From their effective date as to pro *807 ceedings commenced after June 30, 1957, these rules shall supersede all conflicting rules and statutes. All statutes not superseded hereby or in conflict herewith shall remain in effect as rules promulgated by the Supreme Court * * *
⅜ ⅜ * ⅜ * *
“ ‘Rule 4.1 Review of Administrative Boards and Agencies.
“ rAll appellate review of the rulings of any commission or board shall be by certiorari as provided by the Florida Appellate Rules.’ ”
The Court then pointed out that, under Article V, both the Supreme Court and circuit courts may issue writs of certiorari to commissions established by law, but that the district courts of appeal do not have such jurisdiction in view of the restriction placed by the language of Article V. Section 5(c), which provides that such courts “shall have such powers of direct review of administrative action as may be provided by law.” Therefore, since there was no direct provision of law which authorized a review by certiorari of an order of the Real Estate Commission by the district courts of appeal, any attempt to review by a district court would be unauthorized.
The Court next said:
“We next consider the possibility of . an appeal to the circuit court pursuant to F.S. § 475.35, F.S.A., supra. We note that former Article V, Section 11, of the constitution provided for final appellate jurisdiction in the circuit courts as to certain specified matters ‘and of such other matters as the Legislature may provide’. Thus the authority upon which F.S. § 475.35 F.S.A., rested was clear. The quoted language, however, was eliminated from new Article V, Section 6 (the present counterpart of former Section 11) in connection with final appellate jurisdiction, although this language was retained in connection with original jurisdiction. This elimination of the enabling language, to our mind, demonstrates an intention on the part of the framers to remove the support for F.S. § 475.35, F.S.A., and the statute, accordingly, must fall. If this were not enough to convince us that F.S. § 475.35, F.S.A., had been repealed, we would reach the same conclusion on another ground, namely, that the Appellate Rules (Rule 1.4) ‘shall supersede all conflicting rules and statutes’ and such rules provide (Rule 4.1) that ‘All appellate review of the rulings of any commission or board shall be by certiorari * * *.’
“If statutory appeal from an order of the Florida Real Estate Commission may no longer be brought, and if review of such order must be accomplished by certiorari, is there any jurisdiction left in the circuit court to entertain such a proceeding? We think that there is.”
We are of the opinion that under the rule enunciated by Mr. Justice Hobson in his opinion in Codomo v. Shaw, supra, that an appeal to the Circuit Court from the Authority, as set forth in Chapter 31182, supra, would now be invalid, and that the Circuit Court would have the right to review such proceedings by its constitutional powers under certiorari and under Rule 4.1, Florida Appellate Rules.
We are also of the opinion that the Circuit Court was an appellate court and not a trial court under the statutes herein-above mentioned (Milk Commission statute, Real Estate Commission statute, and Hotel and Restaurant Commission statute).
We are of the opinion that in this case the Circuit Court was sitting in its appellate capacity, so we are further of the opinion that this court has no jurisdiction on an appeal from the Circuit Court sitting as an appellate court. If any review is permissible, it should be by certiora-ri.
*808 This case, as we have before stated, is now before this court on a motion to dismiss the appeal. From what we have here-inbefore said, we are of the opinion that appeal does not lie to this court from a decision of the Circuit Court sitting as an appellate and not as a trial court, and were it not for Chapter 23826, Laws of Florida, Acts of 1947 (Fla.Stat. 59.45, F.S.A.), we would have to grant the appellees’ motion to dismiss the appeal.
Chapter 23826, supra, provides as follows :
“If an appeal be improvidently taken where the remedy might have been more properly sought by certiorari, this alone shall not be a ground for dismissal; but the notice of appeal and the record thereon shall be regarded and acted on as a petition for certiora-ri duly presented to the Supreme Court.”
The appellees, in their brief, in support of their motion to dismiss the appeal, questioned the authority of this court to utilize the provisions of the above Act since the said Act refers to the Supreme Court therein. We are of the opinion, however, that the substance of this Act is to permit an appellate court to construe an appeal as a petition for certiorari and we so hold.
We find that the essential wording of the above act was used in Rule 28 of the former rules of the Florida Supreme Court, F.S.A., which became effective the 15th day of March, 1955, said Rule 28 being as follows:
“Where appeal not proper remedy:
“If an appeal is erroneously taken when the relief sought should have been by proceedings in certiorari, or by proceedings in the nature of cer-tiorari, this alone shall not constitute a valid ground for dismissal; but the notice of appeal and the record thereon should be regarded' and acted on as a petition for certiorari, or petition in the nature of certiorari, duly presented to this court.”
The rule above referred to was not carried forward in the present rules of appellate practice, which became effective as to all appeals taken after the first of July, 1957, but Rule 1.4 of the Florida Appellate Rules, 1957, provides:
“These rules shall become effective July 1, 1957. Proceedings commenced prior to July 1, 1957, shall be governed by the rules theretofore in effect. From their effective date as to proceedings commenced after June 30, 1957, these rules shall supersede all conflicting rules and statutes. All statutes not superseded hereby or in conflict herewith shall remain in effect as rules promulgated by the Supreme Court.” (Italics ours.)
The above rule has the effect of making Section 59.45, Fla.Stat., F.S.A., a part of the Florida Appellate Rules. Under the definitions in Rule 1.3, Florida Appellate Rules, 1957, the word “Court” means the Supreme Court, the district courts of appeal, and the circuit courts in the exercise of their appellate jurisdiction.
The purpose of the statute was to liberalize procedure in order to prevent injustice where, through error, an appeal had been taken when certiorari only was permitted. We think it in keeping with the spirit of this rule to hold that this Court has the right to utilize the provisions of said statutory rule.
We, therefore, deny the motion of the appellees to dismiss the appeal as we shall treat the notice of appeal and the record thereon as a petition for certiorari.
Motion denied.
KANNER, C. J., and STEPHENSON, GUNTER, Associate Judge, concur.