ALLEN, Judge.
This is a petition for writ of certiorari to review an order of the Circuit Court for Pinellas County. Such order dismissed an appeal by petitioner from an order of the Pinellas County Water & Navigation Control Authority upon the ground that the only method by which review of said Authority’s actions may be obtained is by petition for writ of certiorari.' Petitioner here contends that his appeal to the circuit court should have been treated as a petition for writ of certiorari.
The circuit judge, on the 24th day of April, 1958, entered his order, now before this court, dismissing an appeal which was filed by the petitioners. The order dismissing the petition stated that it was granted on ground 3 of appellees’ motion to dismiss the appeal. Said ground 3 was based on the contention that a review of the ruling of the Administrative Board should be by petition for certiorari rather than appeal.
The lower court was correct in his ruling that a review of an order of the Pinellas County Water & Navigation Control Authority should be by certiorari and not by appeal.
The petitioner, in his brief, states that the only point to be argued is as follows:
“Even though Petitioner had improvidently taken an appeal to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, for the purpose of reviewing an order or resolution of the Pinellas County Water & Navigation Control Authority, may the lower court regard and act upon Petitioner’s appeal as a Petition for Certiorari?”
Subsequent to the date that the lower court dismissed the appeal in this case, this court, in the case of The Alliance for Conservation of Natural Resources in Pinellas County, Florida v. Furen, 104 So.2d 803, 807, decided that where an appeal was improvidently taken to the district court of appeal where a petition for certiorari was a proper remedy, this court had the right to treat the appeal and the record as a petition for certiorari. In that case we said:
“We are of the opinion that in this case the Circuit Court was sitting in its appellate capacity, so we are further of the opinion that this court has no jurisdiction on an appeal from the Circuit Court sitting as an appellate court. If any review is permissible, it should be by certiorari.
“This case, as we have before stated, is now before this court on a motion to dismiss the appeal. From what we have hereinbefore said, we are of the opinion that appeal does not lie to this court from a decision of the Circuit Court sitting as an appellate and not as a trial court, and were it not for Chapter 23826, Laws of Florida, Acts of 1947, (Fla.Stat. 59.45, F.S.A.) we would have to grant the appellees’ motion to dismiss the appeal.
“Chapter 23826, supra, provides as follows:
“ ‘If an appeal be improvidently taken where the remedy might have been *155 more properly sought by certiorari, this alone shall not be ground for dismissal ; but the notice of appeal and the record therein shall be regarded and acted on as a petition for certiorari duly presented to the Supreme Court.’
“The appellees, in their brief, in support of their motion to dismiss the appeal, questioned the authority of this court to utilize the provisions of the above Act since the said Act refers to the Supreme Court therein. We are of the opinion, however, that the substance of this Act is to permit an appellate court to construe an appeal as a petition for certiorari and we so hold.
“We find that the essential wording •of the above act was used in Rule 28 of the former rules of the Florida Supreme Court, F.S.A., which became effective the 15th day of March, 1955, said Rule 28 being as follows:
“ ‘Where appeal not proper remedy:
“ ‘If an appeal is erroneously taken when the relief sought should have been by proceedings in certiorari, or by proceedings in the nature of certiorari, this alone shall not constitute a valid ground for dismissal; but the notice of appeal and the record thereon should be regarded and acted on as a petition for certiorari, or petition in the nature of certiorari, duly presented to this court.’
“The rule above referred to was not carried forward in the present rules of appellate practice, which became effective as to all appeals taken after the first of July, 1957, but Rule 1.4 of the Florida Appellate Rules, 1957, provides :
“ ‘These rules shall become effective July 1, 1957. Proceedings commenced prior to July 1, 1957, shall be governed by the rules theretofore in effect. From their effective date as to proceedings commenced after June 30, 1957, these rules shall supersede all conflicting rules and statutes. All Statutes not superseded hereby or in conflict herewith shall remain in effect as rules promulgated by the Supreme Court.’ (Italics ours.)
“The above rule has the effect of making Section 59.45, Fla.Stat, F.S.A., a part of the.Florida Appellate Rules. Under the definitions in Rule 1.3, Florida Appellate Rules, 1957, the word ‘Court’ means the Supreme Court, the district courts of appeal, and the circuit courts in the exercise of their appellate jurisdiction.
“The purpose of the statute was to liberalize procedure in order to prevent injustice where, through error, an appeal had been taken when certiorari only was permitted. We think it in keeping with the spirit of this rule to hold that this Court has the right to utilize the provisions of said statutory rule.
“We, therefore, deny the motion of the appellees to dismiss the appeal as we shall treat the notice of appeal and the record thereon as a petition for certio-rari.”
We are of the opinion that a circuit court, in a case where an appeal was improvidently taken where the proper review would have been by a petition for certiorari, had the authority to utilize the provisions of Section 59.45, Florida Statutes, F.S.A. and to treat the appeal and the record as a petition for certiorari.
We must, therefore, reverse the lower court for further proceedings in this case not inconsistent with the views herein expressed.
Reversed.
KANNER, C. J., and SPOTO, I. C., Associate Judge, concur.