Albud, Incorporated Liquor License Case.

Argued September 16, 1958.   Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, and WATKINS, JJ. (ERVIN, J., absent).

*Stanley M. Greenberg,* with him *Ochman and Greenberg,* for appellant.

*Russell C. Wismer,* Special Assistant Attorney General, with him *Horace A. Segelbaum,* Assistant Attorney General, and *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY WOODSIDE, J., March 18, 1959:

This is an appeal by Albud, Inc., trading as "The Wedge," from the order of the Court of Quarter Sessions of Philadelphia County, affirming the suspension of a restaurant liquor license.

Appellant was cited by the Pennsylvania Liquor Control Board for violating Regulation 110 of the board which prohibits descriptive posters, pictures, placards, signs, flags, etc. on the outside of the licensed premises except for one 3 foot by 5 foot sign; for not operating a bona fide restaurant; and for employing females for the purpose of enticing customers or for encouraging them to drink malt or brewed beverages.

The board suspended the appellant's license for a period of sixty days.

The court below, upon appeal, held that the evidence failed to sustain the charge that appellant employed women to encourage customers to purchase beverages and affirmed the board upon the other two counts. The court, thereupon, modified the order of the board by reducing the suspension period from 60 to 40 days.

Appellant contends that the evidence was insufficient to warrant a finding that the licensed establishment was not a bona fide restaurant within the provisions of the liquor code.

Upon direct examination, John Kokolus, enforcement officer of the Liquor Control Board, testified: "We entered the premises and proceeded to the second floor where I met Mr. Bertram Ottenberg, the President of this corporation, and asked him to show me the kitchen. He showed me a room measuring 10 ft. by 4 ft., which contained a stored Warner toaster and 10 pieces of china dishes. There were about 12 sandwiches in a refrigerated beer case behind the bar. Mr. Ottenberg stated that this was the only kitchen they had because they did not serve food and rarely needed any more dishes, etc. After the inspection we left the premises at 10 P.M."

Mr. Ottenberg testified that he "said something. about the kitchen being on the third floor. 'We have further facilities on the third floor . . .' "

A waitress, Mary Geller, testified for the licensee that there are kitchen facilities on the third floor.

It should be noted, however, that Mary Geller did not testify that there were kitchen facilities on the third floor in use at the time of the inspection.

John Kokolus, upon rebuttal, testified that Ottenberg stated in regard to the second floor kitchen facilities, "This is our kitchen." Kokolus also testified, "I inspected the kitchen as to facilities and I asked him whether there was any other place that he might have a kitchen and he said 'No', we don't serve much food here. We don't need extensive facilities. This is our kitchen here.' "

It is apparent that the court below believed the testimony of Kokolus and it states in its opinion, "Under the circumstances, we think we must disregard testimony that a fully supplied and equipped kitchen was maintained on the third floor on the date in question . . . His [Mr. Ottenberg's] testimony that he merely mentioned the kitchen to the officers, and that he

assumed, for various improbable reasons that they did not wish to see it, appears to us to be incredible under the circumstances."

Assuming, as we must, that the only kitchen facilities were those testified to by Officer Kokulas, the trial court was warranted in finding that the facilities did not indicate the operation of a bona fide restaurant. See *Rydewski's Appeal*, 121 Pa. Superior Ct. 171, 183 A. 437 (1936).

There is no merit to appellant's contention that the issuance of the original license and its subsequent renewals requires the board to prove that a change has taken place from the time of the last renewal. It is sufficient to prove that the licensee was not operating a bona fide restaurant at the time of the inspection.

The licensee further contends that the regulation permitting only certain types of signs and advertising is an arbitrary and unreasonable exercise of the board's power, and is, therefore, unconstitutional and invalid. This argument was not raised in the court below and is, therefore, not properly before this Court on appeal.

The order is affirmed.