CARROLL, CHAS., Chief Judge.
The Florida State Board of Optometry filed its notice of appeal from a circuit court order granting certiorari and quashing an order by which the Board had suspended appellee’s license as an optometrist for a period of 90 days.
In reviewing the Board’s suspension order, on certiorari, the Circuit Court was acting in the exercise of its appellate *486 jurisdiction (see Codomo v. Shaw, Fla. 1958, 99 So.2d 849), and its judgment on such certiorari was not appealable to this court (Alliance for Conservation of Natural Resources in Pinellas County v. Furen, Fla. App.1958, 104 So.2d 803); but we treat the appeal as a certiorari under § 59.45, Fla.Stat., F.S.A. See Alliance for Conservation of Natural Resources in Pinellas County v. Furen, supra.
We conclude that the able circuit judge reached the correct result in setting aside the suspension order.
The Board proceeded against respondent Karl Roller, under §§ 463.05 and 463.11, Fla.Stat., F.S.A., for violation of the Board's rule against “display advertising”.
The procedure prescribed by the statute required that the person to be affected should be given “at least thirty days notice of a time and place of hearing before said board and an opportunity to be heard.” Those requirements were duly met on the first hearing.
However, due to some inadvertence the Board was unable to produce the documentary evidence which was necessary in order to establish the use of display advertising by respondent which was the gravamen of the proceeding. Thus no case was made out against the respondent at the original hearing sufficient to support an order of suspension, and the Board so recognized; and no suspension order was made at that time.
A second hearing was had at which the evidence referred to was produced and which resulted in the suspension order. Neither respondent nor his counsel received notice of the second hearing, and for that reason they were not present. It is clear from the record that the second hearing was not a continuation of the first. The first proceeding was closed, and on the later proceeding the respondent was entitled to due notice and an opportunity to be heard. On this record respondent’s contention that he was deprived of that notice and opportunity must be sustained. It follows that by proceeding against respondent ex parte under those circumstances, and entering the order of suspension thereon, the Board departed from essential requirements of law.
Accordingly, the present appeal is treated as a petition for writ of certiorari, and certiorari is denied.
It is so ordered.
PEARSON, J., and MILLEDGE, STANLEY, Associate Judge, concur.