ALLEN, Chief Judge.
This is an appeal from an order denying the appellant’s petition for a writ of cer-tiorari to review an order of the State Beverage Director revoking the beverage license of the appellant.
The record does not disclose any attack on the method of review sought by the appellant in this case, although the appellee in its brief states:
“While we might have challenged appellant’s right to appeal by a motion to dismiss, on the authority of Florida Statutes 59.45 [F.S.A.] and the cases pertaining thereto, we will presume that this appeal will be treated as a petition for writ of certiorari.”
As authority for the statement, the appellee cites several cases, including Alliance for Conservation of Natural Resources in Pinellas County v. Furen, Fla.App.1958, 104 So.2d 803; In re Juen’s Estate, Fla.App.1958, 105 So.2d 908; and Swope v. Coryell, Fla.App.1958, 107 So.2d 153.
We shall treat the appeal and the record as a petition for writ of certiorari.
The Beverage Director served a notice to show cause why the beverage license of Palm Dolls, Inc., d/b/a Rag Doll Club, should not be revoked or suspended. It was charged that:
“On or about August 13, 1956 you were not conforming to the requirements of the ‘special’ alcoholic beverage license issued to you, in that you did not have 200 seats at tables and the necessary equipment and supplies for serving full course meals, and were not serving full course meals, regularly, at your licensed place of business in violation of section 561.20 Florida Statutes [F.S.A.].”
 Pursuant to notice, a hearing was had December 6, 1956. Thereafter, on December 31, 1956, the Director issued an order wherein he revoked the licensee’s *356 license. The Director made an exhaustive finding of fact which showed a violation on the part of licensee. The purpose of Section 561.20(2), Florida Statutes, F.S.A., is to license those restaurants containing a certain minimum capacity to serve alcoholic beverages at those times when regular meals are being served. The concluding paragraph of the Director’s order is as follows :
“Order and Adjudged that alcoholic beverage license No. 786, issued by the State of Florida and Palm Beach County, to Palm Dolls, Inc., doing business as The Rag Doll Club, 318 First Street, West Palm Beach, Florida, or any renewal thereof, be and the same is hereby Revoked, effective fifteen days from the date of this order.
“Done at Tallahassee, Florida, this 31st day of December, 1956.”
The circuit court, upon the licensee’s petition for certiorari, denied the same by an order entered December 18, 1958. An examination of the record shows that there was sufficient evidence before the Beverage Director to sustain his order revoking the license in question and were it not for a mistake hereinafter noted in the circuit judge’s order, we would deny certiorari in this case without an opinion.
The circuit court, in his original order denying certiorari, said:
“The court is of the opinion, and holds, that, in the circumstances revealed by the evidence on which the respondent director acted in suspending for thirty days the petitioner’s alcoholic beverage license, the court cannot substitute its discretion and judgment for that of the respondent director * * * ” (Emphasis supplied.)
The order of the Beverage Director, hereinabove shown, revoked the petitioner’s license and did not suspend, so it is apparent that the circuit judge made a mistake in stating that the Director suspended the petitioner’s license.
Subsequent to the appeal in this case, a motion was made in this court to authorize the circuit court to correct his order by showing that the Beverage Director revoked the petitioner’s license and permission was granted by this court for this purpose.
The corrected order read as follows:
“The court is of the opinion, and holds, that, in the circumstances revealed by the evidence on which the respondent director acted in revoking the petitioner’s alcoholic beverage license, the court cannot substitute its discretion and judgment for that of the respondent director. It has not been shown that he abused his discretion or that he deviated in anywise from the essential requirements of the law.” (Emphasis supplied.)
The petitioner contends that the circuit court committed error in mistaking the penalty that the Beverage Director gave in the regional hearing. It is apparent that this is an erroneous conclusion on the part of the appellant-petitioner. The circuit court denied certiorari, the effect of which was to affirm the action of the Beverage Director in revoking the license of the petitioner. The fact that in his order denying certiorari the circuit judge mistakenly used the words “suspending for thirty days” instead _'of word “revoking” would not affect his decision in the case. However, the amended order of the lower court corrected any error that was contained in the original order.
Since we accept this appeal as a petition for certiorari, our review is very limited. In the case of Alliance for Conservation of Natural Resources in Pinellas County v. Furen, Fla.App.1959, 110 So.2d 55, 61, we quoted from the early case of Basnet v. City of Jacksonville, 1882, 18 Fla. 523, 526, as follows:
“ ‘A certiorari is appellate in its character in the sense that it involves a limited review of the proceedings of *357 an inferior jurisdiction. It is original in the sense that the subject matter of the suit or proceeding which it brings before the court are not here reinvestigated, tried and determined upon the merits generally as upon appeal at law or writ of error. Thus the Supreme Court of the United States speaks of such writs “as writs to review the proceedings of inferior courts as a matter of original jurisdiction,” and showing errors of fact is only admissible to show want of jurisdiction or serious irregularity or illegality in procedure.’ ”
Certain other questions are stated in the brief of the appellant-petitioner which we do not deem it necessary to discuss.
Petition for writ of certiorari denied.
SCANNER and SHANNON, JJ., concur.