## NORDIN v. BOARD OF ARCHITECTURE, et al.
### No. 59 L 3081.

Circuit Court, Dade County.

November 15, 1960.

James Pilafian, Miami, for petitioner.

Clyde Atkins of Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, Harry T. Gray, Jacksonville, and Benmont Tench, Jr., Gainesville, for respondents.

JOE EATON, Circuit Judge.

This cause came on to be heard on respondents' motions objecting to the court's jurisdiction of the person and to venue; on petitioner's motion to add or substitute a party, and on petitioner's motion to compel the board of architecture to recognize the supersedeas bond filed by petitioner. Briefs were presented and the parties were heard through their respective counsel.

Firstly, it is apparent on the face of the petition that the "Florida State Board of Architecture" is not named as a party herein. However, petitioner in his brief "shows that, through a clerical error and omission," the petition left out certain words which would have had the effect of naming the board as a party. Though the petition herein is styled "Petition for *Writ* of Certiorari" (italics added), it is obvious from the petitioner's brief that he seeks review of an order entered on July 31, 1959, by the

Florida State Board of Architecture. The defect is one of form. In the interest of "cutting through" the mass of procedural difficulties and obscurities presented here, the court will treat the defect as a formal one (retaining, however, for the purposes of this order, the original styling of the cause) so that it may get on with the business at hand — that is, the determination of the question whether this court has jurisdiction to review the aforementioned order by certiorari under the Florida Appellate Rules. In my judgment, it does not.

Under the ruling in Codomo v. Shaw, 99 So. 2d 849 and National Dairy Products Corporation v. Odham, 100 So. 2d 394, review of orders of administrative boards is now had exclusively as provided by Florida Appellate Rule 4.1. All prior statutes and rules granting review are superseded. Neither Florida Appellate Rule 4.1, Florida Appellate Rule 4.5 nor the cases cited above specify *which* circuit court shall perform the appellate function thereby imposed, but it is clear that the review intended is appellate in its nature (Wright v. Roller, 111 So. 2d 485; Alliance v. Furen, 104 So. 2d 803). Petitioner acknowledges that in his brief. Hence the normal channels of review would prevail and certiorari would be entertained in the circuit court exercising appellate jurisdiction in the geographical location in which the hearing was held and the order, sought to be reviewed, rendered. In this particular instance that court would be the circuit court for the 15th judicial circuit. This being a proceeding appellate in nature, the venue statutes relied upon by each side have no application. However, a matter to be considered, although not determinative of the question under consideration, is the unwarranted expense to the taxpayers of this state if the orders of the various state boards were held reviewable in such circuit court as might be chosen by the party aggrieved by the order.

In the interest of orderly procedure, in the absence of statutory authority to the contrary, it is the opinion of this court that the review must be had in the circuit court within whose geographical jurisdiction the administrative proceeding was held and the order to be reviewed was entered.

Florida Appellate Rule 2.1a(5)(d) (made applicable to *circuit courts* in the exercise of their appellate jurisdiction by Florida Appellate Rules 1.1, 1.3 and 4.7) provides that — "When the jurisdiction of an appellate court has been improvidently invoked that court may of its own motion, or on motion of either party to the cause enter an order transferring it to the court having jurisdiction." This rule clearly authorizes transfer under the circumstances present in our instant case.

I agree with the learned author of "Where to Appeal in Florida," 32 Florida Bar Journal 109 (1958), who wrote — "During this parlous period when so much is new in appellate procedure, a liberal and even charitable interpretation of the transfer rule is devoutly hoped for."

It is, therefore ordered and adjudged that this cause be and the same is hereby transferred to the circuit court for the 15th judicial circuit and the clerk of this court is directed to forward the record forthwith.