**Howard WALDROP, Waldco, Inc., d/b/a Wally's Jackson Hoe Bar, et al., Appellants,**

v.

**John K. BURGE (Successor to Orson F. Meyers), Director of Liquor Control, et al., Respondents.**

**No. 55830.**

Supreme Court of Missouri, Division No. 1.

Feb. 22, 1972.

Donald E. Raymond, Woods, Raymond & Raymond, Kansas City, Morris Dubiner, Dubiner & Gregg, Kansas City, for appellants.

Aaron A. Wilson, City Counselor, Carrol C. Kennett, Assoc. City Counselor, Kansas City, for respondents.

LAURANCE M. HYDE, Special Commissioner.

Action for declaratory judgment to have an ordinance of Kansas City declared un-

constitutional and to have an injunction against its enforcement. The court held the ordinance valid and plaintiffs have appealed. We affirm.

Plaintiffs' appeal here is on the basis that construction of the Constitution of the United States and of this state is involved, claiming the ordinance is arbitrary, unreasonable and discriminatory. They say it unreasonably classifies licensed establishments on a basis that has no relation to any evil sought to be controlled and thereby violates the Fourteenth Amendment to the Constitution of the United States and Article I, Section 10 of the Constitution of Missouri.

Plaintiffs hold valid licenses to sell liquor by the drink in Kansas City. The ordinance involved provided:

Section 4.69: "(e) *Minor entering premises, prohibited.* It shall be unlawful for any licensee holding a sales-by-drink license or a 'C.O.L.' license or his employee, agent or servant to either directly or indirectly suffer or allow a person under the age of twenty-one years to enter the premises or to linger or loiter in or about such premises, except that a person sixteen through twenty years of age may be on such premises if accompanied by parent or legal guardian. This section shall not apply to premises where substantial quantities of food are served, * * *."

Definitions in § 4.1 of the ordinance stated the following definition: "(u) *Substantial quantities of food*: The amount of prepared meals and food where from at least fifty per cent (50%) of the gross income of an establishment has been derived during the three (3) most recent calendar months preceding."

Plaintiffs recognize that no one has a "legal right" to engage in the sale of intoxicating liquor except as expressly authorized by the legislature. State ex rel. Wiggins v. Hall, Mo.Sup. en Banc, 452 S. W.2d 106, 108. However, they say that where there is a policy of regulation rather than suppression, the regulations must conform to the same standards as regulations for any other purpose, citing Drink, Inc. v. Babcock, 77 N.M. 277, 421 P.2d 798, 800; Schwegmann Bros. v. Louisiana Board of Alcoholic Beverage Control, 216 La. 148, 43 So.2d 248, 254, 14 A.L.R.2d 680, concerning regulation of price with annotation on that subject 14 A.L.R.2d 699. Plaintiffs also cite Olympic Drive-In Theatre, Inc. v. City of Pagedale, Mo.Sup., 441 S.W.2d 5, 10, saying "[C]ourts have the right to inquire into the reasonableness of a police power ordinance." As to this see also Zinn v. City of Steelville, 351 Mo. 413, 173 S.W.2d 398. Plaintiffs further cite State v. Miksicek, 225 Mo. 561, 125 S.W. 507, 512, saying a statute is invalid if it "manifestly discriminates between persons or associations belonging to the same class." Plaintiffs say the test of this ordinance "has no relation to the amount of food sold in relation to the amount of liquor sold, or the nature of the establishment" or other source of income; and that it does not apply to an establishment dealing only in package liquor. Some of the plaintiffs' food business would reach 50% except for their sales of package liquor. Plaintiffs' argument is that the ordinance is arbitrary because it has no relation to the extent that alcoholic beverages are served on the premises that must restrict minors and would apply regardless of how insignificant the licensee's sales by the drink may be. Therefore they say the ordinance has no rational relation to conditions which make the premises suitable or unsuitable for the presence of minors and is an arbitrary and capricious way of regulating liquor traffic.

Plaintiffs say the sale of "substantial" food may have a reasonable relationship for classification of establishments that may sell food to minors but they say "the ratio of sales in dollars of food compared to sales in dollars of all other goods does not have such relationship." We note that our state legislature has recently prescribed such a test in § 311.097 RSMo (Laws 1971,

S.B. No. 148) in authorizing establishments designated as restaurant bars to sell intoxicating liquor after 1:00 P.M. on Sunday, stating: "As used in this section the term 'restaurant bar' means any establishment having a restaurant or similar facility on the premises at least fifty percent of the gross income of which is derived from the sale of prepared meals or food consumed on such premises." Previously § 311.095 authorized the supervisor of liquor control to issue a license to sell intoxicating liquor to a "resort," which was defined as "any establishment having at least forty rooms for the overnight accommodation of transient guests, having a restaurant or similar facility on the premises at least sixty per cent of the gross income of which is derived from the sale of prepared meals * * *." Section 311.095 also authorizes such liquor sales in a restaurant not furnishing rooms for guests where its "annual gross food sales for the past two years immediately preceding its application for a license shall not have been less than one hundred thousand dollars per year."

We find no case dealing with the specific tests of this ordinance and our recent statutes. However, as stated in 45 Am. Jur.2d Intoxicating Liquors, § 131, p. 579: "In order to warrant the issuance of a license under statutes permitting the licensing of restaurants or hotels for the sale of intoxicating liquors, the applicant must, of course, bring himself within the definition of the term 'restaurant' or 'hotel,' as the case may be." See also Annotation, 105 A.L.R. 566. In Leograndis v. Liquor Control Commission, 149 Conn. 507, 182 A.2d 9, 10, the plaintiff's license was suspended on the commission's finding that plaintiff's establishment was not a restaurant within the meaning of the liquor control act defined as "a place where hot meals are regularly served." Plaintiff's liquor sales for periods shown were $47,989.45, while food sales were $2,074.65. The court held the commission had not abused its discretion in finding this business was not a restaurant. See also Neubauer v. Liquor Control Com-

mission, 128 Conn. 113, 20 A.2d 669, 670, affirming a finding that "Service of hot meals was so insufficient in nature and amount that it is apparent they were a mere pretext." See also Palm Dolls, Inc. v. State Beverage Dept. of Florida, Fla., 114 So.2d 354; Appeal of Albud, Inc., 188 Pa.Super. 635, 149 A.2d 163. In Hammond v. McDonald, 49 Cal.App.2d 671, 122 P.2d 332, 340, it is said: "A restaurant which is kept and operated for the purpose of furnishing meals to the public, the service of intoxicating liquors therein being merely incidental to that business, is what it purports to be, and is therefore a bona fide restaurant, and may as a casual and incidental part of its business sell such liquors and allow their consumption upon the premises even without meals. But where the principal business of the restaurant becomes the sale and service of intoxicating liquors, which are consumed on the premises, with the sale and service of meals the incidental matter, or 'side-line,' such place is no longer a bona fide restaurant, but is to be regarded as a public saloon or barroom, within the intent of the constitutional provision, and the sales of such liquor therein are prohibited." Clearly the intent of the ordinance herein involved was to exclude unaccompanied minors from places where the sale of food was an incidental matter or "side-line."

If an administrative agency may properly determine the issue of the proportion of food sales required to be a restaurant in the meaning of a liquor control act, as the Connecticut cases hold (in our view correctly), we think there is no good reason why a legislative body may not fix a standard for determining it on a percentage basis. The plain purpose of the ordinance herein considered is to keep unaccompanied minors out of places where intoxicating liquor is sold by the drink except to permit them to be served food in establishments holding sales by drink licenses only if at least half of their gross income is derived from food. It is wholly immaterial how much of the rest of their gross income is derived from the sale of li-

quor by the drink because that is left to be determined by the licensee. What is considered important is that their food business should actually be a substantial part of their business. The fallacy of plaintiffs' contention is that they fail to recognize that the ordinance applies to them only because they do have sales by drink licenses, with the proportion of that business they conduct to be determined by them, and only if they desire unaccompanied minors as food customers must their food sales provide at least half of their gross income. Thus the business they conduct, if they are to serve food to minors, must be at least as much food sales as the rest of their business, which may be all liquor sales if they so desire. We see nothing arbitrary or unreasonable about that. We hold the ordinance is valid.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the court.

All of the Judges concur.