ANSTEAD, Judge.
This is a petition for writ of certiorari to the Fifteenth Judicial Circuit Court, seeking to reverse that court’s dismissal of Ces-low’s petition for writ of certiorari to the Board of County Commissioners. The Board of County Commissioners denied Ces-low a special exception on March 13, 1982. Ceslow filed a “Notice of Administrative Appeal” with the circuit court on March 26. When Ceslow moved the court to extend the time for filing of her first brief, the court, upon the Board’s suggestion, directed her to file a petition for writ of certiorari instead. However, when Ceslow filed this petition the trial court granted the Board’s motion to dismiss the petition because it was filed untimely. Ceslow claims that the timeliness of the petition should relate back to her filing of the notice of appeal. We agree.
A petition for writ of certiorari must be filed within thirty days of the order contested.[1] Fla.R.App.P. 9.100(c). *702 Ceslow’s petition to the circuit court was filed beyond this period. However, she contends that, pursuant to Florida Rule of Appellate Procedure 9.040(c) and section 59.45, Florida Statutes (1981), her notice of appeal should be considered to be a petition for certiorari sufficient to invoke the circuit court’s jurisdiction and that her subsequently filed petition should be considered as an amended petition.
Section 59.45 provides:
Misconception of remedy; Supreme Court. — If an appeal be improvidently taken where the remedy might have been more properly sought by certiorari, this alone shall not be a ground for dismissal; but the notice of appeal and the record thereon shall be regarded and acted on as a petition for certiorari duly presented to the Supreme Court.
Florida Rule of Appellate Procedure 9.040(c) provides:
Remedy. If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy.
The Board argues that these provisions do not permit the notice and record to be amended into a full petition; rather, they argue, the notice and record must be assessed as if they alone constitute a petition. Under the provisions of Florida Rule of Appellate Procedure 9.100(e) a petition must contain:
(1) the basis for invoking the jurisdiction of the court;
(2) the facts upon which the petitioner relies;
(3) the nature of the relief sought; and
(4) argument in support thereof and appropriate citations of authority.
Clearly the mere notice of appeal and record would not contain all of this information.
We believe the statutory and rule provisions must be construed to allow the petitioner to file an amended petition before the court assesses the contents of the petition. To construe these provisions in the manner suggested by the Board would virtually render the provisions meaningless.[2] Presumably, the rule contemplates the filing of an amended petition which satisfies the content requirement of Rule 9.100(e) or, if all briefs have already been filed before the appeal is changed to a petition, the assessment of these briefs in lieu of the assessment of a formal petition. Thus, in our view section 59.45 and Rule 9.040(c) allow Ceslow to use her notice of appeal and associated record as a petition for writ of certiorari.
The notice and record may be treated as a petition for purposes of invoking the court’s jurisdiction. Thereafter the notice may be amended into a formal petition. At that point, the court may assess the formal content of the petition and issue a show cause order if warranted. To allow the *703 court to assess the content of the unamended notice and record would force the court to dismiss every notice as insufficient to support an order to show cause. Such an illogical and harsh result cannot be the intended effect of this statute whose obvious purpose is to provide a remedy for those who have mistakenly followed the wrong appellate procedure.
Accordingly, for the reasons set out above we grant the petition for writ of certiorari. The trial court’s order is hereby quashed and the court is directed to conduct further proceedings in accord herewith.
LETTS, C.J., and HERSEY, J., concur.

. Review of an administrative agency not covered by the Florida Administrative Procedure Act, section 120.52(l)(c), Florida Statutes (1981), is by petition to the circuit court for *702 writ of certiorari. Cherokee Crushed Stone, Inc. v. City of Miramar, 421 So.2d 684 (Fla. 4th DCA 1982). Appeal of the circuit court’s dismissal of that petition is by petition to the district court of appeal for writ of certiorari. Id. The circuit court’s review of agency action
is mandatory, not discretionary, and that the scope of review by the circuit court includes determinations as to whether the administrative agency:
1. Accorded procedural due process;
2. Observed the essential requirements of the law; and
3. Supported its findings by substantial competent evidence.
Under such a rule it becomes clear that “full review of administrative action is given in the circuit court as a matter of right.”
Id.. 421 So.2d. at 689.

. The Board’s reading would indicate that every notice could be retitled, but would immediately be dismissed as insufficient. The Board admits that this reading makes the statute and rule meaningless, but claims that the statute was useful from 1947, when it was enacted, until 1977, when the rules for petitions were changed. We agree that during this period the content requirements for petitions were less strict, but they were much stricter than the information provided by a mere notice and record. The former rules provide that the petition should contain the record, a statement of the cause, and the reasons relied upon and it should be accompanied by a supporting brief. Rule 4.5(c), FAR (1976). Thus, neither before nor after 1977 would the notice and record contain the necessary elements of a petition.