DANIEL, Judge.
Petitioner, Michael Ray Elmore, was terminated from his employment with the Orange City Police Department. After unsuccessfully pursuing his administrative remedies, Elmore filed a notice of administrative appeal in the Circuit Court, Seventh Judicial Circuit. Respondent, Orange City, filed a motion to dismiss the appeal on the basis that the proper remedy was certiora-ri. The circuit court entered an order granting the motion to dismiss, and Elmore now seeks review of that order by certiora-ri. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(2).
*998 Elmore contends that instead of granting the motion to dismiss, the circuit court should have treated the appeal as a certio-rari proceeding. For support, Elmore cites Florida Rule of Appellate Procedure 9.040(c), which states that if a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought, provided that it shall not be the responsibility of the court to seek the proper remedy.
In determining the merits of the petition, we cannot consider factual assertions unsupported by the available record. The circuit court did not articulate the reasons for granting the motion to dismiss, but the sole basis for the motion was that certiorari, and not an appeal, was the proper remedy. Unless there is some jurisdictional impediment[1], a case should not be dismissed on the basis that an improper remedy has been sought. Rule 9.040(c) must be complied with by courts acting in their review capacity. See Pridgen v. Board of County Commissioners, 389 So.2d 259 (Fla. 5th DCA 1980), rev. denied, 397 So.2d 777 (Fla.1981).
Because the respondent city government is not an administrative agency as contemplated by the Administrative Procedure Act (Chapter 120, Florida Statutes), Elmore had no statutory right to an appeal. See Cherokee Crushed Stone v. City of Miramar, 421 So.2d 684 (Fla. 4th DCA 1982). Therefore, certiorari was the proper remedy. As it appears there was no jurisdictional bar in treating the appeal as a certiorari proceeding, the circuit court should have followed that procedure. Accordingly, the order granting the motion to dismiss is quashed.
WRIT ISSUED.
DAUKSCH and ORFINGER, JJ., concur.

. See, e.g., Johnson v. Citizens State Bank, 518 So.2d 410 (Fla. 1st DCA 1988).