# Third District Court of Appeal

**State of Florida**

Opinion filed March 11, 2015.

————————

No. 3D14-2123
Lower Tribunal No. 13-416 AP

————————

**Villa Lyan, Inc.,**
Petitioner,

vs.

**Veronica Perez,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Appellate Division, Jennifer D. Bailey, Bertila Soto, and Reemberto Diaz, Judges.

The Hunker Law Group, P.A., and Thomas L. Hunker, for petitioner.

Andrew Paul Kawel, for respondent.

Before SHEPHERD, C.J., and LAGOA and SCALES, JJ.

CONFESSION OF ERROR

PER CURIAM.

Villa Lyan, Inc. ("Villa Lyan"), petitions this Court for a writ of certiorari to quash two orders of the Circuit Court's Appellate Division granting Veronica Perez's ("Perez") Motion to Dismiss for Lack of Jurisdiction and granting Perez's

Motion for Appellate Attorney Fees. Respondent Perez confesses error, and we agree that the Appellate Division departed from the essential requirements of law resulting in a miscarriage of justice. Accordingly, we grant Villa Lyan's petition for writ of certiorari and quash the two orders below.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner, Villa Lyan, is a not-for-profit corporation that provides education to children with special needs. Villa Lyan employed Perez as a full-time teacher from January 22, 2013, to June 14, 2013. On August 2, 2013, Perez filed a wage theft complaint against Villa Lyan with the Miami-Dade County Department of Regulatory and Economic Resources Business Affairs Division ("Department"), asserting that Villa Lyan had failed to pay her certain wages. Unsuccessful in its defense before the Department, Villa Lyan filed a timely notice of administrative appeal in the Appellate Division of the Eleventh Judicial Circuit Court. Perez moved to dismiss the appeal, arguing that Villa Lyan's proper remedy was by way of certiorari. Perez also filed a separate motion for appellate attorney fees. The Appellate Division entered an order granting the motion to dismiss and the motion for appellate attorney fees. Villa Lyan timely filed this petition for second-tier certiorari seeking review of the Appellate Division's opinions. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(2).

2

II.    ANALYSIS

"The standard governing the disposition of a petition for second-tier certiorari in a district court is narrow: '[T]he district court must determine whether the decision of the circuit court . . . is a departure from the essential requirements of law resulting in a miscarriage of justice.'" State, Dep't of Highway Safety & Motor Vehicles v. Fernandez, 114 So. 3d 266, 269-70 (Fla. 3d DCA 2013) (quoting Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 725 (Fla. 2012)).  "The circuit court's decision is said to depart from the essential requirements of law where the circuit court fails to afford procedural due process or fails to apply the correct law." Fernandez, 114 So. 3d at 270 (quoting Nader, 87 So. 3d at 722–23).

Villa Lyan contends that the Appellate Division failed to apply the correct law when it granted the Motion to Dismiss.  In support of its argument, Villa Lyan cites Florida Rule of Appellate Procedure 9.040(c), which states that "[i]f a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy."  Furthermore, Villa Lyan asserts that pursuant to both article V, section 2(a) of the Florida Constitution[1] and section 59.45, Florida Statutes (2014),[2]

---

[1] Article V, section 2(a), of the Florida Constitution reads in relevant part: "The supreme court shall adopt rules for the practice and procedure in all courts including . . . a requirement that no cause shall be dismissed because an improper remedy has been sought."
[2] Section 59.45, Florida Statutes, entitled "Misconception of remedy; Supreme Court," specifically states: "If an appeal be improvidently taken where the

3

when a party improperly files a timely notice of appeal, the appellate court cannot dismiss for lack of jurisdiction, but rather must treat the appeal as a petition for writ of certiorari.

A case should not be dismissed because an improper remedy has been sought, and "Rule 9.040(c) must be complied with by courts acting in their review capacity." Elmore v. City of Orange City, 528 So. 2d 997, 998 (Fla. 5th DCA 1988) (citing Pridgen v. Bd. of Cnty. Comm'rs, 389 So. 2d 259 (Fla. 5th DCA 1980)). Significantly, our sister District Courts have granted certiorari and quashed appellate division orders that dismissed appeals of administrative orders because the appellate division's jurisdiction purportedly had not been properly invoked. Id. at 998 (quashing appellate division order granting motion to dismiss on basis that improper remedy had been sought); Ceslow v. Bd. of Cnty. Comm'rs, Palm Beach Cnty., 428 So. 2d 701, 702 (Fla. 4th DCA 1983) (finding that section 59.45 and Rule 9.040(c) allow a notice of appeal to be considered petition for certiorari sufficient to invoke the circuit court's jurisdiction); Swope v. Coryell, 107 So. 2d 153, 155 (Fla. 2d DCA 1958) (holding that circuit court had authority to utilize section 59.45 to treat appeal as petition for certiorari where appeal was

---

remedy might have been more properly sought by certiorari, this alone shall not be a ground for dismissal; but the notice of appeal and the record thereon shall be regarded and acted on as a petition for certiorari duly presented to the Supreme Court." See also Alliance for Conservation of Natural Res. in Pinellas Cnty. v. Furen, 104 So. 2d 803, 808 (Fla. 2d DCA 1958) (stating that section 59.45 applies to the Supreme Court, the District Courts of Appeal, and the Circuit Courts in the exercise of their appellate jurisdiction).

improvidently taken and proper review would have been by petition for certiorari); cf., e.g., Pearce v. Parsons, 414 So. 2d 296, n.1 (Fla. 2d DCA 1982) (considering as notice of appeal an erroneously filed petition for writ of certiorari).

Here, the Appellate Division applied the incorrect law by granting Perez's motion to dismiss due to the wrong type of relief sought. The fact that Villa Lyan filed a timely notice of appeal, not a petition for writ of certiorari, cannot result in the dismissal of the action; this would result in a miscarriage of justice, as any errors subject to relief in the Circuit Court would be allowed to stand and act as a total bar to Villa Lyan's right to an appellate remedy. See Fla. R. App. P. 9.040(c), (d). The Appellate Division deprived Villa Lyan of a substantive right guaranteed by statute, rule, case law, and the Florida Constitution when it erroneously dismissed Villa Lyan's appeal, rather than treating it as a petition for writ of certiorari. Accordingly, the order granting the motion to dismiss is quashed.

Additionally, because Perez no longer qualifies as the "prevailing party" under section 448.08, Florida Statutes (2012),[3] and section 59.46, Florida Statutes (2010),[4] the order granting Perez's Motion for Appellate Attorney Fees is quashed as well.

---

[3] Section 448.08, Florida Statutes, specifically states: "The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee."

[4] Section 59.46, Florida Statutes, reads: "In the absence of an expressed contrary intent, any provision of a statute or of a contract entered into after October 1, 1977, providing for the payment of attorney's fees to the prevailing party shall be construed to include the payment of attorney's fees to the prevailing party on appeal."

We grant Villa Lyan's petition for writ of certiorari and quash both orders of the Appellate Division granting Perez's motion to dismiss and motion for appellate attorney fees.

PETITION GRANTED; ORDERS QUASHED.