**OLIVE BRANCH WILLIAMS FONELL, et vir., v. HONORABLE ROSS WILLIAMS, et al.**

26 So. (2nd) 800

July 2, 1946

Rehearing denied July 25, 1946

June Terms, 1946

Division B

*Weldon G. Starry, James M. Carson* and *E. P. Ellis,* for petitioners.

Ross Williams, Stanley Milledge and Charles Carroll, Circuit Judges, in proper person.

THOMAS, J.:

A rule nisi was recently issued by this court commanding three of the circuit judges of the Eleventh Judicial Circuit to show cause why an alternative writ of mandamus should not issue commanding them to rescind an order dismissing an appeal taken 22 February 1946 from a judgment entered 7 January 1946 by the judge of the Civil Court of Record.

The respondents moved to quash the rule, and petitioners now make their motion for the issuance of the writ notwithstanding the motion to quash. By this process is presented to us the question whether the circuit court had jurisdiction of the appeal sued out forty-six days after the entry of the judgment. To answer it requires a study of Section 33.11 and 59.08, Florida Statutes, 1941, and F.S.A.

The former section, enacted in 1941 (Chapter 20361), was an amendment of Section 11 of Chapter 11357, Laws of Florida, Acts of 1925, and dealt with procedure and exercise of appellate jurisdiction in cases were circuit courts reviewed the judgments of civil courts of record. It provided "that no matters so appealed shall be had [sic] later than *one* calendar month after the entry of (1) the judgment appealed, or (2) order granting or denying motion for new trial." (We have italicized "one.")

In 1945 the legislature enacted Chapter 22854 (Section 59.08, supra), which required that appeals be taken within sixty days and provided that laws inconsistent with the act be repealed. It is urged by petitioners that the earlier act was modified by the later one and that there was no need for the appeal to have been taken within a month from 7 January 1946.

If we were to stop here and construe the acts from the meager quotations we have given, this position would appear to have much merit; however, scrutiny of the statutes involved does not lead to such a conclusion.

In the compilation, Florida Statutes, 1941, the decimal system of statutory designation was employed, the figures to the left of the decimal indicating the chapters covering general subjects and those to the right, various matters relevant to

those general subjects. In Chapter 33 are incorporated statutes relating to the "CIVIL COURT OF RECORD," while Section 33.11, supra, contains provisions pertinent to exercise by the circuit court of jurisdiction of appeals from the Civil Court of Record, embracing the language we have quoted relative to the time within which such appeals must be taken.

Turning now to Chapter 22854, which petitioners believe lengthened this period to sixty days, we find in its title and body references only to Chapters 59 and 67 of the Florida Statutes, 1941. The titles of these are, respectively, "APPEL-LATE PROCEEDINGS, GENERALLY" and "APPELLATE PROCEEDINGS IN CHANCERY." The title to Chapter 22854 clearly shows that the law was intended to consolidate, revise, and amend Chapter 59 and 67; to conform those chapters to the current supreme court rules; and to extend them to appellate proceedings from orders of state boards, commissions, and other bodies where appeals are allowed. In the preamble appear reasons for the passage of the act, i. e., adoption of the supreme Court rules of 1 April 1942; the conflict between the rules and Chapters 59 and 67; elimination of difference in methods of appellate review in common law and chancery cases; and the limited application of Chapters 59 and 67 because "appellate procedure in criminal matters, in probate matters, in civil cases from most, if not all, inferior courts, *is governed by other statutes . . .* " (Italics supplied.) Every reference in the body of the act is to Chapter 59. or 67. For instance, the first thirty-eight sections designate the parts of Chapter 59 affected as 59.01 to 59.38; the thirty-ninth and fortieth sections repeal Sections 59.39 and 59.40; the forty-first section provides that Section 67.08 be "transferred" to Chapter 59 and renumbered Section 59.41; the forty-second to forty-fourth sections are designated Sections 59.42—59.44; the forty-fifth section repeals Section 67.07; the forty-sixth section repeals all inconsistent laws; and the forty-seventh and last section provides when the act shall take effect.

So it is obvious to us that legislature purposed to deal only with Chapters 59 and 67 and had no intention of revising any of the provisions of Chapter 33.

In the interest of uniformity we would prefer to adopt the

view of the petitioners, but a study of the laws to which we have referred has led us to the conclusion that we cannot.

The motion for a writ notwithstanding the motion to quash is denied; the rule nisi is discharged; the cause is dismissed.

CHAPMAN, C. J., BROWN and SEBRING, JJ., concur.