FABISINSKI, Associate Justice
(concurring) .
The case of City of Miami v. Saco, supra, was decided after the effective date of Chapter 22,854, Laws of Florida, 1945, but it is fair to assume that the appeal was initiated before the passage of that Act. As a result, the exact question now before the Court Was not decided in that case. It is also apparent that no question arose in that case as to the time of taking the appeal. It is significant that two members of the Court dissented, being of the conviction that under the rules then in force, see Supreme Court Rules 2 and 18, 30 F.S.A., and which rules are shown by the preamble of the Act tó have had important bearing upon the legislation, the Court intended to provide a uniform method of taking appeals to the Supreme Court. In spite of their stand in this respect the majority of the Court held that the provisions of 440.27 (12) F.S. governed the time of taking appeals in Workmen’s Compensation appeals.
The conflicting provisions provide a trap for the unwary, but the Court has maintained the position taken in the Saco case by its decision in the case of Davis v. Combination Awning & Shutter Co., supra. The case of Dixon v. Stone, Fla., 38 So.2d 459, relating to appeals in unlawful detainer cases from the 'Civil Court of Record of Dade County to the Circuit Court of Dade County is not helpful in determining the present appeal. See Fonell v. Williams, 157 Fla. 673, 26 So.2d 800, 801. In that case Justice Thomas, in passing commenting on the preamble to Chapter 22,854, says that it was intended “to extend them [amended Chapters 59 and 67] to appellate proceedings from orders of state boards, commissions and other bodies where appeals are allowed”; but this is obiter dicta.
There are strong reasons for making the practice in appeals uniform, but I agree with Justice Roberts that the abbreviated -time for taking appeals in Workmen’s Compensation cases was a calculated and deliberate provision for a salutary purpose, and that the, legislature intended it to operate independently of Chapter 22,854. 'It is not clear that Rules 18 and 19 of the Supreme Court relating to advancing appeals would serve the purpose of securing the same prompt disposition of such cases as is possible under the statute.