99 So.2d 849 (1958)
Sam L. CODOMO and Sydney M. Sherman, Petitioners,
v.
Lynn M. SHAW and The Florida Real Estate Commission, Respondents.
No. 28981.
Supreme Court of Florida.
January 24, 1958.
*850 Patton & Kanner, Miami, for petitioners.
Benjamin T. Shuman, Winter Garden, and Frank A. Wilkinson, Orlando, for respondents.
HOBSON, Justice.
Petitioners have applied to this court for a writ of certiorari to review a final order of the Florida Real Estate Commission entered August 12, 1957, suspending the registrations of petitioners as real estate brokers. Respondents have moved to dismiss the petition upon the grounds (1) that there is a full, complete and adequate remedy by appeal to the Circuit Court of Dade County under the provisions of Sec. 475.35, Florida Statutes, F.S.A. and (2) that on September 27, 1957, petitioners perfected such an appeal. It also appears that petitioners, being in doubt as to the appropriate form of review now provided for such cases, for reasons which will presently appear, have applied for certiorari in the District Court of Appeal.
The following are pertinent portions of the Florida Statutes, the Florida Constitution and the Florida Rules of Appellate Procedure which are germane to the jurisdictional issues raised by respondents' motion to dismiss. All emphasis has been supplied.
475.35, F.S.A., Appeals to circuit court 
"(1) The defendant may appeal from a final order of the [real estate] commission to the circuit court of the county from which he applied for registration, if an applicant, and registration has been denied, or, if the defendant is a registrant and his registration has been revoked or suspended, the county from which the records of the commission show him to be registered at the time the information is filed. * * *"
Article V, Constitution of the State of Florida, F.S.A. 
"§ 4. Supreme Court.
* * * * * *
"(b) Jurisdiction.
* * * * * *
"The supreme court may review by certiorari any decision of a district court of appeal that affects a class of constitutional or state officers, or that passes upon a question certified by the district court of appeal to be of great public interest, or that is in direct conflict with a decision of another district court of appeal or of the supreme court on the same point of law, and may issue writs of certiorari to commissions established by law.

* * * * * *
"§ 5. District Courts of Appeal.
* * * * * *
"(c) Jurisdiction.
* * * * * *
"The district courts of appeal shall have such powers of direct review of administrative action as may be provided by law.

"* * * A district court of appeal may issue writs of mandamus, certiorari, prohibition, and quo warranto, and also all writs necessary or proper to the complete exercise of its jurisdiction.

*851 "§ 6. Circuit Courts.
* * * * * *
"(c) Jurisdiction. The circuit courts shall have exclusive original jurisdiction in all cases in equity except such equity jurisdiction as may be conferred on juvenile courts, in all cases at law not cognizable by subordinate courts, in all cases involving the legality of any tax, assessment, or toll, in the action of ejectment, in all actions involving the titles or boundaries of real estate, and in all criminal cases not cognizable by subordinate courts. They shall have original jurisdiction of actions of forcible entry and unlawful detainer, and of such other matters as the legislature may provide. They shall have final appellate jurisdiction in all civil and criminal cases arising in the county court, or before county judges' courts, of all misdemeanors tried in criminal courts of record, and of all cases arising in municipal courts, small claims courts, and courts of justices of the peace. The circuit courts and judges shall have power to issue writs of mandamus, injunction, quo warranto, certiorari, prohibition, and habeas corpus, and all writs necessary or proper to the complete exercise of their jurisdiction. * * *"
Florida Appellate Rules 
"Rule 1.4 Effective Date: Repeal.
"These rules shall become effective July 1, 1957. Proceedings commenced prior to July 1, 1957, shall be governed by the rules theretofore in effect. From their effective date as to proceedings commenced after June 30, 1957, these rules shall supersede all conflicting rules and statutes. All statutes not superseded hereby or in conflict herewith shall remain in effect as rules promulgated by the Supreme Court * * *
* * * * * *
"Rule 4.1 Review of Administrative Boards and Agencies.
"All appellate review of the rulings of any commission or board shall be by certiorari as provided by the Florida Appellate Rules."
First, it is plain that this court may take jurisdiction of the cause, in view of the language of Article V, Section 4(b), supra, which provides that we "may issue writs of certiorari to commissions established by law." It is equally clear that the District Courts of Appeal do not have such jurisdiction, in view of the language of Article V, Section 5(c), which provides that such courts "shall have such powers of direct review of administrative action as may be provided by law". No powers have yet been provided by law which would authorize direct review of an order of the Florida Real Estate Commission by the District Courts of Appeal, and unless and until such powers are provided, any attempt by those courts directly to review such an order would be unauthorized.
We next consider the possibility of an appeal to the circuit court pursuant to F.S. § 475.35, F.S.A., supra. We note that former Article V, Section 11, of the constitution provided for final appellate jurisdiction in the circuit courts as to certain specified matters "and of such other matters as the Legislature may provide". Thus the authority upon which F.S. § 475.35, F.S.A., rested was clear. The quoted language, however, was eliminated from new Article V, Section 6 (the present counterpart of former Section 11) in connection with final appellate jurisdiction, although this language was retained in connection with original jurisdiction. This elimination of the enabling language, to our mind, demonstrates an intention on the part of the framers to remove the support for F.S. § 475.35, F.S.A., and the statute, accordingly, must fall. If this were not enough to convince us that F.S. § 475.35, F.S.A., had been repealed, we would reach the same conclusion on another ground, namely, that the Appellate Rules (Rule 1.4) "shall supersede all conflicting rules and statutes" and such *852 rules provide (Rule 4.1) that "All appellate review of the rulings of any commission or board shall be by certiorari * * *."
If statutory appeal from an order of the Florida Real Estate Commission may no longer be brought, and if review of such order must be accomplished by certiorari, is there any jurisdiction left in the circuit court to entertain such a proceeding? We think that there is.
We find no suggestion that the traditional jurisdiction of the circuit courts to issue writs of certiorari has been diminished or impaired by new Article V, Section 6 of the constitution. The writ of certiorari is therefore available to obtain review in such a situation as this, where, as we have held, no other method of appeal is available. De Groot v. Sheffield, Fla., 95 So.2d 912; Lorenzo v. Murphy, 159 Fla. 639, 32 So.2d 421. We conclude that the circuit court now has the same jurisdiction to review, by certiorari, an order of the Florida Real Estate Commission as it formerly had to review, by certiorari, an order of any inferior tribunal or agency in a judicial or quasi-judicial proceeding, where no statutory method of review was provided. See De Groot v. Sheffield, supra, 95 So.2d 912.
Since the circuit court retains power to review the challenged order by certiorari, we decline to assume jurisdiction in the instant case. Accordingly, under the provisions of Rule 2.1, subd. a (5) (d), Florida Appellate Rules, the petition for certiorari, the transcript of record, briefs and other papers filed in this court will, at the expiration of five days from the filing of this opinion, be transferred to the Clerk of the Circuit Court of the Eleventh Judicial Circuit, Dade County, Florida. The petition will thenceforth be treated as if it had originally been filed in that court. Rule 2.1, subd. a (5) (d), supra.
It is so ordered.
TERRELL, C.J., and THOMAS, THORNAL and O'CONNELL, JJ., concur.