CARROLL, CHAS., Chief Judge.
This is an appeal from the Civil Court •of Record in and for Dade County. The judgment appealed from was entered on a verdict for the plaintiff, a broker, who had sued to recover a real estate commission.
The matter comes before this court now on appellee’s motion to quash the appeal, and motion to affirm.
First we must decide the question which has been raised, of whether an appeal from the civil court of record lies to this court or to the circuit court. The fact that this question has not been settled has led to a certain amount of confusion, which has resulted in some of such appeals being filed in this court and some in the circuit court.
Prior to the revision of the judiciary article of the Constitution of the State of Florida, which became effective July 1, 1957, appellate jurisdiction from the civil court of record was in the circuit court, by a statutory grant supported by express authorization in the Constitution.
Former Article V of the Constitution in Section 11, F.S.A., dealing with jurisdiction of circuit courts gave them appellate jurisdiction of certain specified matters and of such others as the legislature should provide. The language of that part of former Article V, Section 11, was as follows:
“ * * * They shall have final appellate jurisdiction in all civil and criminal cases arising in the County Court,. or before the County Judge, of all misdemeanors tried in Criminal Courts, of judgments or sentences of any Mayor’s Court, and of all cases arising before Justices of the Peace in counties in which there is no County Court; and supervision and appellate jurisdiction of matters arising before County Judges pertaining to their probate jurisdiction, or to the estates and interests of minors, and of such other matters as the Legislature may provide. * * * ” (Emphasis aded.)
Under that authority in the Constitution, as it existed prior to July 1, 1957, the statutory jurisdiction in the circuit court to entertain appeals from the civil court of record was contained in Section 33.11, Fla.Stat, F.S.A., as follows:
“33.11 Appellate jurisdiction of circuit court
“(1) The circuit court of the county wherein any such civil court of record shall be established, shall have appellate jurisdiction to review judgments or orders of such civil court of record in the same manner and with like powers as the supreme court shall have *598 jurisdiction to review in like actions the judgments and orders of such circuit court; provided, however, that no matters so appealed shall be had later than one calendar month after the entry of (a) the judgment appealed, or (b) order granting or denying motion for new trial.”
The present constitutional provision prescribing appellate jurisdiction of circuit courts (Section 6 of Article V of the Constitution as amended at the general election in November 1956, effective July 1, 1957) has eliminated the language of the former provision which had made it possible for the legislature (by § 33.11, Fla. Stat., F.S.A.) to confer on the circuit court appellate jurisdiction from the civil court of record. The constitution now omits the former wording to the effect that circuit courts shall have final appellate jurisdiction “of such other matters as the legislature may provide.” The present provision on this subject is as follows:
“They [the circuit courts] shall have final appellate jurisdiction in all civil and criminal cases arising in the county court, or before county judges’ courts, of all misdemeanors tried in criminal courts of record, and of all cases arising in municipal courts, small claims courts, and courts of justices of the peace. * * * ” Article V. Sec. 6(c), Constitution of the State of Florida.
In the case of Codomo v. Shaw, Fla.1958, 99 So.2d 849, the Supreme Court considered the question of whether a statute which gave the circuit court jurisdiction of appeals from the Real Estate Commission was still operative, or had been rendered ineffective as a result of the changed language relating to circuit court appellate jurisdiction, as it appears in the present revised Article V, Section 6, of the Constitution.
In the Codomo case the Supreme Court held that because of the omission of the words “and of such other matters as the legislature may provide,” the present revised Article V, Section 6, would not lend support to a legislative act placing appellate jurisdiction in the circuit court, and that the statute involved there, which served that purpose under the former constitutional provision, was no longer effective.
Commenting on this point in the Codomo case [99 So.2d 851], the Supreme Court said:
“We next consider the possibility of an appeal to the circuit court pursuant to F.S. § 475.35, F.S.A., supra. We note that former Article V, Section 11, of the constitution provided for final appellate jurisdiction in the circuit courts as to certain specified matters ‘and of such other matters as the Legislature may provide’. Thus the authority upon which F.S. § 475.35, F.S.A., rested was clear. The quoted language, however, was eliminated from new Article V, Section 6 (the present counterpart of former Section 11) in connection with final appellate jurisdiction, although this language was retained in connection with original jurisdiction. This elimination of the enabling language, to our mind, demonstrates an intention on the part of the framers to remove the support for F.S. § 475.35, F.S.A., and the statute, accordingly, must fall. * * * ”
We hold, on authority of the Codorno case, that the former constitutional authority and support for Section 33.11, Fla.Stat, F.S.A., has been withdrawn by Section 6 of Article V of the Constitution, as revised, and that Section 33.11, Fla. Stat., F.S.A., no longer can serve to confer jurisdiction upon the circuit court over appeals from the civil court of record. Nor does Article V, Section 6, directly grant such appellate jurisdiction to circuit courts.
We hold, further, that the district court of appeal has jurisdiction of appeals from the civil court of record, filed on or after July 1, 1957, expressly conferred by *599 the language of revised Article 5, Section 5 of the Constitution, by giving this court jurisdiction of “Appeals from trial courts * * The wording of the Constitution on this feature is as follows:
“Appeals from trial courts in each appellate district, and from final orders or decrees of county judge’s courts pertaining to probate matters or to estates and interests of minors and incompetents, may be taken to the court of appeal of such district, as a matter of right, from all final judgments or decrees except those from which appeals may be taken direct to the supreme court or to a circuit court.” Article V, Sec. 5(c), Constitution of the State of Florida.
Therefore, having noted and held that this court has jurisdiction of this appeal from the civil court of record (filed July 8, 1957), and having considered the ap-pellee’s motions to quash the appeal and to affirm, and being of the opinion that they are not well founded, the said motions to quash and affirm are hereby denied.
HORTON and PEARSON, JJ., concur.