104 So.2d 113 (1958)
The STATE of Florida, Petitioner-Appellant,
v.
J.K., a minor, Respondent-Appellee.
No. 554.
District Court of Appeal of Florida. Second District.
June 25, 1958.
*114 Richard W. Ervin, Atty. Gen., David U. Tumin, Asst. Atty. Gen., Clair A. Davis, State Atty., St. Petersburg, B.J. Driver, Asst. State Atty., Clearwater, for petitioner-appellant.
Mann, Harrison & Mann, Sam H. Mann, Jr., St. Petersburg, for respondent-appellee.
ALLEN, Acting Chief Judge.
The petitioner seeks review, by certiorari, of an order of the circuit court which reversed an order by the Juvenile Court for Pinellas County. The order reversed had committed respondent minor to the Florida School for Girls at Ocala on the grounds that respondent was a delinquent girl.
The respondent appealed the judgment to the Circuit Court of Pinellas County, and on January 10, 1958, the circuit court entered an order reversing the juvenile court on the ground there was not "competent legal evidence to sustain the finding that the said J.K. was a delinquent child as charged". Petitioner prays for a writ of certiorari on the grounds:
1. That the Circuit Judge erred in his finding as to "competent legal evidence".
2. That the Circuit Judge erred by substituting his findings for those of the Juvenile Judge, contrary to Sec. 39.14(8), Fla. Stat. 1955, F.S.A.
3. The Circuit Judge proceeded contrary to the essential requirements of law.
This court shall not further allude to the grounds hereinabove set forth as the court is of the opinion that the circuit court had no jurisdiction to hear this case on an appeal from the juvenile court, and since any order entered by the circuit court would be void and must be quashed, the judgment of the juvenile court would remain in full force and effect.
The appeal to the circuit court was taken subsequent to July 1, 1957, the effective date of Article V of the Constitution of the State of Florida, adopted November 6, 1956, F.S.A.
*115 The appellate jurisdiction of the circuit court is found in Art. V, Section 6(c) and is as follows:
"* * * They shall have final appellate jurisdiction in all civil and criminal cases arising in the county court, or before county judges' courts, of all misdemeanors tried in criminal courts of record, and of all cases arising in municipal courts, small claims courts, and courts of justices of the peace. The circuit courts and judges shall have power to issue writs of mandamus, injunction, quo warranto, certiorari, prohibition, and habeas corpus, and all writs necessary or proper to the complete exercise of their jurisdiction."
The jurisdiction of the district courts of appeal, as set forth in Art. V, Section 5(c), is as follows:
"Appeals from trial courts in each appellate district, and from final orders or decrees of county judge's courts pertaining to probate matters or to estates and interests of minors and incompetents, may be taken to the court of appeal of such district, as a matter of right, from all final judgments or decrees except those from which appeals may be taken direct to the supreme court or to a circuit court."
The jurisdiction of the Supreme Court set forth in Art. V, Section 4(b), is as follows:
"Appeals from trial courts may be taken directly to the supreme court, as a matter of right, only from judgments imposing the death penalty, from final judgments or decrees directly passing upon the validity of a state statute or a federal statute or treaty, or construing a controlling provision of the Florida or federal constitution, and from final judgments or decrees in proceedings for the validation of bonds and certificates of indebtedness. The supreme court may directly review by certiorari interlocutory orders or decrees passing upon chancery matters which upon a final decree would be directly appealable to the supreme court. In all direct appeals and interlocutory reviews by certiorari, the supreme court shall have such jurisdiction as may be necessary to complete determination of the cause on review."
It will be observed from the foregoing enumeration of appellate powers given to the Supreme Court, to the courts of appeal and to the circuit courts, that all appeals from trial courts must be taken to the court of appeal unless, under the Constitution, such appeal may be taken direct to the Supreme Court or to a circuit court.
The question then arises whether a juvenile court is a trial court. Chapter 39, Florida Statutes, F.S.A., provides for juvenile courts. Section 39.01 provides that a juvenile court means any court, the name of which includes the word "juvenile", heretofore or hereafter established, and means the county judge's court in every county in which no separate juvenile court is established.
Section 39.02 provides:
"The juvenile court shall have exclusive original jurisdiction of dependent and delinquent children domiciled, living or found within the county or district in which the court is established. The juvenile court of the county or district in which the child is found shall assume jurisdiction of the child, which jurisdiction shall be exclusive unless the judge thereof, upon approval of the judge of the juvenile court of the county or district in which is located the domicile or usual residence of the child, shall transfer the case and child to the latter court, before or after hearing, in which event the latter court shall thereafter exercise exclusive jurisdiction."
The juvenile court, under section 39.02, Florida Statutes, is given power to revoke or suspend the driver's license of a child *116 under various conditions; if a charge is pending in any court of the State or of any city or town against a person presumed to be an adult and it is ascertained that the person is a child or was a child at the time the offense was committed, that court shall transfer the case, together with the physical custody of the child and all evidence, etc., to the juvenile court. The juvenile court is also exclusively authorized to assume jurisdiction over any delinquent child arrested and charged with violating a federal law or a law of the District of Columbia when the child is surrendered to the juvenile court as provided in Title 18 U.S.C. § 5001, and the judge of the juvenile court has the jurisdiction of a committing magistrate, etc.
A study of Chapter 39, supra, will show the broad powers given to the juvenile court by said chapter. To this court, the conclusion is inescapable that the juvenile judge acts as a trial judge. Therefore, under the Constitution, an appeal must be brought to this court and not to the circuit court.
Chapter 39.14 provides that any child and any parent or legal custodian of any child affected by an order of the juvenile court, excluding such order as the judge may make as committing magistrate, may appeal to the circuit court of the circuit within which the juvenile court is established. Prior to the effective date of the constitutional amendment creating the district courts of appeal, the statutory method of appeal from juvenile courts was, therefore, to the circuit court.
The effect of the constitutional amendment providing for the appellate jurisdiction of the circuit courts and courts of appeal, as well as the Supreme Court, was to render nugatory the appeal provision hereinabove set forth.
The Supreme Court of Florida, in the recent case of Codomo v. Shaw, Fla. 1958, 99 So.2d 849, 851, held that under the new constitutional provisions, authority for statute providing for an appeal to the circuit court from a final order of the Real Estate Commission was removed by elimination of the constitutional provision giving circuit courts jurisdiction of such matters as the Legislature might provide, and therefore, that appeal would not lie to the circuit court from a final order of the Real Estate Commission suspending registration of real estate brokers. The Court, in its opinion, said:
"We next consider the possibility of an appeal to the circuit court pursuant to F.S. § 475.35, F.S.A., supra. We note that former Article V, Section 11, of the constitution provided for final appellate jurisdiction in the circuit courts as to certain specified matters `and of such other matters as the Legislature may provide'. Thus the authority upon which F.S. § 475.35, F.S.A., rested was clear. The quoted language, however, was eliminated from new Article V, Section 6 (the present counterpart of former Section 11) in connection with final appellate jurisdiction, although this language was retained in connection with original jurisdiction. This elimination of the enabling language, to our mind, demonstrates an intention on the part of the framers to remove the support for F.S. § 475.35, F.S.A., and the statute, accordingly, must fall. * * *"
We reach the conclusion that the circuit court of the Sixth Judicial Circuit had no jurisdiction to act as an appellate court in this case.
The appellee, in its last brief, filed by permission of the court, requests this court, if it should hold that the circuit court was without jurisdiction to hear this case on appeal, to utilize the provisions of Rule 2.1, subd. a(5) (d), Florida Appellate Rules 1957, 31 F.S.A., to transfer this case to the court having jurisdiction. We regret our inability to grant this request. The Rule referred to authorizes an appellate court, where its jurisdiction has been improvidently *117 invoked, to transfer the case on its own motion or on motion of either party, to the court that would have jurisdiction. Since the jurisdiction of the court of appeal was properly invoked by the petition for certiorari, we are not authorized to act under this Rule.
Certiorari is granted and the order here reviewed is quashed with directions to remand the cause to the juvenile court.
SHANNON, J., and SPOTO, Associate Judge, concur.