PEARSON, Judge.
An order of a County Judge of Dade County denied the petition of Daniel Douglas Campbell by his next friend for restoration to the status of a competent person. Upon appeal to this court the guardian of the incompetent, as appellee, moved to dismiss the appeal. The grounds of the motion to dismiss are: 1) subsection 394.22 (15) (f) Fla.Stat., F.S.A.,[1] provides that appeals shall lie to the circuit court in such cases, and 2) the appeal was taken after the time limited for such appeals by subsection 394.22(15) (f), supra, had passed. The motion is granted upon the second ground
Article 5, § 5(3), of the Constitution of the State of Florida, F.S.A., provides that jurisdiction shall be in the District Court of Appeal for “[ajppeals from trial courts in each appellate district, and from final orders or decrees of county judge’s courts pertaining to probate matters or to estates and interests of minors and incompetents, * * An order denying restoration of mental competency is a final order pertaining to the estate and interest of an incompetent.
Section 6 of the same article [2] provides that appellate jurisdiction shall be in the circuit court “in all civil and criminal cases arising in the county court, or before county judges’ courts, * * A petition for restoration to mental competency is not a civil case within the meaning of this section. See Lee v. Lang, 140 *354 Fla. 782, 192 So. 490; City of Miami v. Gilbert, Fla.App., 1958, 102 So.2d 818.
The above cited subsection of Chapter 394 of the Florida Statutes, F.S.A., is therefore ineffective to confer jurisdiction upon the circuit court. Codomo v. Shaw, Fla., 1958, 99 So.2d 849; Rosenblum v. Boss, Fla.App., 1958, 101 So.2d 596. This same subsection, however, limits the period of time for taking an appeal from an order of the county judge made pursuant to the jurisdiction conferred by this subsection to 15 days from the entry of the order. The record before us reveals that the appeal in this case was taken 50 days after the entry of the order. Florida Appellate Rule 3.2(b),- 31 F.S.A., provides a 60 day period of time for.taking an appeal, “unless some other period of time for taking an appeal is specifically provided by statute or these rules.” An appeal from an order of the county judge made pursuant to subsection 394.22(15) (f), supra, comes within the exception stated. Accord, Clark v. City of Orlando, Fla.App., 1959, 109 So.2d 416. Cf. Placid York Co. v. Calvert Hotel Co., Fla.App., 1959, 109 So.2d 604; Fonell v. Williams, 157 Fla. 673, 26 So.2d 800, 801.[3] For the purpose of clarity it is pointed out that the proceedings provided under section 394.22 Fla.Stat., F.S.A., are cumulative to all other laws on the restoration of sanity.[4]
Appeal dismissed.
HORTON, C. J., and CARROLL, CHAS., J., concur.

. “Within fifteen days from the entry of an order of the county judge under the provisions of this subsection, or subsection (16) of this section, the petitioner shall be entitled to an appeal to the circuit court of the county wherein the order is entered for a review of the proceedings.”

. Art. 5, § 6(3), Fla.Const., 26 F.S.A.

. It should be noted that although the Supreme Court held in Fonell v. Williams, supra, (see also Cates v. Heffernan, 154 Fla. 422, 18 So.2d 11; Dixon v. Stone, Fla., 1949, 38 So.2d 459) that section 33.-11, Fla.Stat., F.S.A., limited the time for appeals formerly had from the Civil Court of Record to the circuit court to “one calendar month,” that the period for appeal from the Civil Court of Record to the District Court of Appeal is now the same as for appeals from circuit courts, that is, 60 days. See Rosenblum v. Boss, Fla.App., 1958, 101 So.2d 596. This is true for the reason that under the prior constitutional provision, section 33.11 Fla.Stat., supra, F.S.A., provided a special method of appeal. This special appeal was abolished by the present constitutional provision that appeals shall be to the District Court of Appeal, “from trial courts in each appellate district.” (Art. 5, Sect. 5, Fla. Const., 26 F.S.A.).

. § 394.22(19) “Application of This Section.- — The provisions of this section shall be cumulative to all other laws on the restoration of sanity.”