PEARSON, Judge.
This is an interlocutory appeal by the City of Miami Beach, and the members of its Personnel Board, from an order on a rule to show cause obtained by the appellee, Grace E. Weichelt, and based on the following set of facts:
On March 12, 1956, a declaratory decree of the circuit court determined that she was a civil service employee of the City of Miami Beach “within the classification of policewoman.” Pursuant to the judgment Weichelt was duly re-employed by the city.
Thereafter, Weichelt filed a petition for rule to show cause directed to the appellants in which she alleged that on January 15, 1959, she “was transferred * * * to the handling of pedestrian traffic at the corner of Lincoln Road and Washington Avenue * * * which duties she presently performs at the filing of this petition.” She contended that she was not required to perform such a detail, because it did not fall within the specifications of the classification of “policewoman” as they existed at the time of the entry of the final decree, and that the personnel board was without authority thereafter to amend the specifications for the position of policewoman as to make same applicable to her.
She prayed that the court enter its order requiring the appellants to restore her to the duties she was performing prior to July 1958. Pursuant to this petition, the circuit court issued its rule to show cause, and the appellants filed their response thereto. Testimony was taken before the court and the court entered its order requiring the appellants to restore Weichelt to duties performed by her at the time of the entry of the decree on March 12, 1956.
At the outset it is necessary to note grave doubts as to the propriety of the procedure employed. In his decree of March 12, 1956, the chancellor ordered that Weichelt be re-employed, and retained jurisdiction for the purpose of enforcing the decree. It is doubtful that enforcement of a decree includes the judicial review of official action of the Personnel Board of the City of Miami Beach which amended the duties of a classification of civil service employees. Those actions are ordinarily reviewable upon petition for certiorari.[1] No assignment of error was directed to this point nor is it presented by appellant’s brief. Inasmuch as the order upon rule to show cause must be reversed upon other grounds we do not pursue it further.
*182 The question argued was may a civil service personnel board of a city amend its personnel rules to add to the duties of a policewoman the handling of traffic and thereby add a duty to the position different from the duties prescribed by the personnel rules at the time of the employment of a particular policewoman. The answer obviously depends upon the statute granting authority to the board. This act is Chapter 27735, Laws of Florida, Special Acts 1951 and section 5 thereof reads as follows:
“Personnel Rules. The Director of Personnel shall as soon as practicable and in any case within three months after this Act takes effect prepare the personnel rules required by this Act and recommend their adoption by the Personnel Board, and as soon as practicable after such recommendation, the Personnel Board shall approve, amend or disapprove such personnel rules. Amendments to the personnel rules may be made from time to time in the manner above specified. Copies of the personnel rules and of the amendments thereto shall be transmitted by the Director of Personnel to the City Council for approval or disapproval. After approval these rules shall become effective from the date or dates specified therein, provided, however, that from and after August 1, 1951, the personnel rules and amendments thereto shall not be subject to approval by City Council. No amendments thereto shall be adopted until thirty (30) days after a copy of such amendment shall have been submitted to the City Manager and to a representative of each of the three groups referred to in Section 4, such representative to be designated by each of such groups and the name and address of such representative certified to the Personnel Board.”
Section 3 thereof reads in part as follows:
“ * * * The Personnel Board shall:
* * * * *
“C. Approve or disapprove or amend the classification plan, class, specification, and requirements to be met by applicants for competitive examinations as provided in Section 2. D> of this Act.”
The acts of the personnel board are not therefore without authority. The petition for rule to show cause does not allege nor does the employee present argument here that the city proceeded in an unlawful manner. It is alleged and urged, however, that the new classification of duties applying to Weichelt is in violation of the decree of the. court entered March 12, 1956.
Such a conclusion can only be reached by accepting the premise that a municipal police officer has a vested right to a particular police duty described in the job specifications at the time he or she is employed. Without attempting to determine cases in which unreasonable reclassification might be alleged and proved it can be said that it is the general rule that changes-can be made.[2] All things including police departments must change in this changing world.
Weichelt argues that directing traffic is foreign to the ordinary duties of a policewoman. It is implicit in this argument that a policewoman can only be expected to perform certain “womanly” types of duties, i. e., those pertaining to children and' other women. We do not find this restriction in the statute, decree, or in reason. The mores of modern urban life are all to. the contrary.
The order on rule to show cause whereby the city was required to employ Weichelt. *183 •within the classification of policewoman as set forth in the personnel rules on March 12, 1956, is reversed.
Reversed.
HORTON, C. J., and CARROLL, CHAS., J., concur.

. Rule 4.1, Florida Appellate Rules, 31 F.S.A. See Codorno v. Shaw, Fla.1958, 99 So. 2d 849.

. Cf. Johnson v. Trader, Fla.1951, 52 So.2d 333; 3 McQuillan, Municipal Corporations § 12.56 (3rd ed. 1949) and eases cited therein.