116 So.2d 783 (1960)
In the Interest of Ida Glendlyn (9) and Glenn Earl (8) EVANS, Dependent Children.
No. 59-375.
District Court of Appeal of Florida. Third District.
January 4, 1960.
*784 Norman K. Rutkin, Miami, for appellant.
John A. Coughlin, North Miami, for appellee.
Richard E. Gerstein, State Atty., and Roy Wood, Asst. State Atty., Miami, for Juvenile and Domestic Relations Court.
PEARSON, Judge.
This is an appeal from a final order of a judge of a juvenile court with respect to the custody of a child. Such appeals are properly brought to this court. Art. 5, § 5(3), Fla. Const., 26 F.S.A.; In re C.E.S., Fla.App. 1958, 106 So.2d 610; State v. J.K., Fla.App. 1958, 104 So.2d 113.
The order appealed was entered May 13, 1959, and notice of appeal was filed June 15, 1959. This court of its own motion set the cause for argument on the question of jurisdiction relating to time for appeal in view of section 39.14(2), Fla. Stat., F.S.A.,[1] Rule 3.2(b) Florida Appellate Rules, 31 F.S.A., and the holding of this court in the case of In re Campbell's Guardianship, Fla.App. 1959, 114 So.2d 352. We hold the appeal was taken after the time limited for such appeals by subsection (2) of section 39.14, supra, and the appeal must be dismissed. Cf. Placid York Co. v. Calvert Hotel Company, Fla.App. 1959, 109 So.2d 604.
Rule 1.4, Florida Appellate Rules, 31 F.S.A., provides that from their effective date these rules shall supersede all conflicting rules and statutes, and that all statutes not superseded or in conflict with the rules shall remain in effect as rules promulgated by the Supreme Court. Rule 3.2(b) provides "[a]ppeals from final decisions, orders, judgments or decrees shall be commenced within 60 days from the rendition of the final decision, order, judgment or decree appealed from, unless some other period of time for taking an appeal is specifically provided by statute or these rules." Appeals under section 39.14, Fla. Stat., F.S.A., come within the exception noted.
There is sound basis in reason and logic why appeals from special statutory proceedings should be limited to a period of time less than that normally provided for appeals from final judgments. Accelerating the time for appeals so that the status of the juvenile may be promptly settled was within the legitimate discretion of the legislature and comes within the exception in Rule 3.2(b), Florida Appellate Rules, supra.
Appeal dismissed.
HORTON, C.J., and CARROLL, CHAS., J., concur.
NOTES
[1] "Notice of appeal shall be filed in writing in the juvenile court within ten days after entry of the order appealed from, * * *."