PEARSON, Judge.
The appellee, Margaret Mason Wartman, as executrix of the estate of George H. Wartman, Jr., has moved to dismiss this appeal upon the following ground:
“1. The order from which this appeal is taken was entered by the Honorable George T. Clark, one of the Judges of the County Judge’s Court in and for Dade County, Florida, on November 12, 1959, and recorded in the probate records of said court on said date. Notice of appeal in this cause was filed on December 18, 1959 and recorded in said court on said date. Florida Statutes, Section 732.16 [F.S. A.] modifies Rule 3.2 [subd.] b of the Florida Appellate Rules [31 F.S.A.] by providing that appeals from probate matters shall be taken within thirty (30) days from and after the entry of the Order appealed from and in the cause at bar the notice of appeal was filed more than thirty (30) days from and after the Order appealed from.”
We find the ground is well taken and the appeal is dismissed.
In Rosenblum v. Boss, Fla.App.1958, 101 So.2d 596, we held on authority of Codomo v. Shaw, Fla.1958, 99 So.2d 849, that the constitutional authority and support for § 33.11, Fla.Stat., F.S.A., (which provided for appeals from the civil court of record to the circuit court) had been withdrawn by § 6 (3) and § 5(3) of Article 5 of the Florida Constitution F.S.A. as amended and that therefore the district courts of appeal have jurisdiction of such appeals.
A similar question was considered, and an identical result reached upon appeals from juvenile courts, upon State v. J. K., a minor, Fla.App.1958, 104 So.2d 113, by the District Court of Appeal of Florida, Second District, and by the District Court of Appeal of Florida, First District, upon In re C. E. S., Fla.App.1958, 106 So.2d 610.
Each of the above cited cases determines that statutory provisions for appeals to the circuit court are made ineffective by § 6(3) and § 5(3) of Article 5 of the Florida Constitution as amended. They do not treat, however, the problem of the limited appeal period provided in these statutes.
In Placid York Co. v. Calvert Hotel Co., Fla.App.1959, 109 So.2d 604, we held the provision of § 83.27, Fla.Stat., F.S.A., limiting the appeal period in removal of tenant proceedings to be effective, even though that portion of the statute providing for an appeal to the circuit court had been superseded. Cf. In re Campbell’s Guardianship, Fla.App.1959, 114 So.2d 352, and In re Evans, Fla.App.1960, 116 So.2d 783.
For the reasons set forth in the cited cases we are compelled to hold that § 732.16, Fla.Stat., F.S.A., limits the time for the taking of appeals from the county judge’s courts in probate matters to 30 days from the entry of the order appealed. Therefore the instant appeal is dismissed for it affirmatively appears from the portion of the record filed in this appeal that the appeal was untimely.
Appeal dismissed.
CARROLL, CHAS., J., concurs.
HORTON, C. J., dissents.