CARROLL, CHAS., Judge
(concurring specially).
In the argument on the motion to dismiss, counsel for appellants urged our reconsideration of the matter ruled on in the Wartman case[1] and reargued the question as to the appeal period applicable to appeals such as this one. The procedural importance of the question involved prompts me to set out my reasons for adhering to the ruling in the Wartman case.
The problem presented, of whether the period for appeal as to final orders or decrees of the county judge’s court in probate matters is 60 days or is 30 days, is simply one of interpretation and construction of the Florida Appellate Rules and applicable statutes as they fix and provide for the time for taking appeals.
The judiciary article of the Florida Constitution as amended at the general election of November 6, 1956, effective July 1, 1957, by § 3 of Art. V, F.S.A., gave broad rule- *412 making power to the Supreme Court of Florida as follows:
“Section 3. The practice and procedure in all courts shall be governed by rules adopted by the supreme court.”
Acting under that authority the Florida Appellate Rules were promulgated by the Supreme Court, and became effective July 1, 1957, regulating the filing and processing of appellate proceedings in the various courts having appellate jurisdiction. Rule 1.4 so specifies, stating that from their effective date the appellate rules shall supersede all conflicting rules and statutes, but also stating: “All statutes not superseded hereby or in conflict herewith shall remain in effect as mies promulgated by the Supreme Court.” [Emphasis supplied.]
Under Part III of the Florida Appellate Rules, entitled “Proceedings Generally”, rule 3.2 dealing with commencement of proceedings, in its paragraph “b” makes provision for the time for filing appeals as follows :
“Time. Appeals from final decisions, orders, judgments or decrees shall be commenced within 60 days from the rendition of the final decision, order, judgment or decree appealed from, unless some other period of time for taking an appeal is specifically provided by statute or these rules.”
[Emphasis supplied.]
If, then, a statute relating to appeals from a certain court requires that they be commenced within a period which is less than 60 days, that statute is not in conflict but is consonant with the Florida Appellate Rules, and by rule 3.2 the time fixed in such statute is the time for such appeals as fixed by that rule; and, also, by the express wording of rule 1.4, such a statute or statutes will "remain in effect as rules promulgated by the Supreme Court.”
Expressed differently, the appellate rules adopt and make as their rule the different period of appeal from a court where it is so fixed by a statute. Important to the proper construction of the appellate rules in this regard is the understanding that when rules 1.4 and 3.2, subd. b are read together, a statute fixing, for appeals from a certain court, a period different than the 60 day period otherwise generally provided under the appellate rules, is not regarded as a statute in conflict with the rules and is not superseded thereby, but rather its different period for appeals from that court is adopted by the appellate rules as the time which the rules then and thereby specify for such appeals.
Turning now to the question of whether in the case of appeals from the county judge’s court, a period of appeal other than 60 days “is specifically provided by statute,” it seems clear that § 732.16 constitutes such a statute and specifically provided a 30 day appeal period. That statute provided that such appeals be taken to the circuit court; provided for the right of appeal by parties to such proceedings; and in a separate paragraph specified the time for appeal as follows:
“(2) Time for appeal. — An appeal to the circuit court from an order or judgment of the county judge in a probate matter must be taken within thirty days from the date on which the order or judgment appealed was filed in the office of the county judge.”
The statute also outlined the procedure for such appeals, specifjdng how appeals should be commenced, making provision for assignments of error, for preparation and filing of records, for the hearing of the appeals before the circuit court, and as to the issuance and filing of mandates by the circuit court.
In providing for such appeals the statute was implementing the jurisdiction which was then vested in the circuit court to entertain such appeals by the Florida Constitution, Art. V, § 11, dealing with juris *413 diction of the circuit courts, wherein in addition to its original jurisdiction the circuit courts were given extensive appellate jurisdiction as follows:
“ * * * They shall have final appellate jurisdiction in all civil and criminal cases arising in the County Court, or before the County Judge, of all misdemeanors tried in Criminal Courts, of judgments and sentences of any Mayor’s Court, and of all cases arising before Justices of the Peace in counties in which there is no County Court; and supervision and appellate jurisdiction of matters arising before County Judges pertaining to their probate jiirisdiction, or to the estates and interests of minors, and of such other matters as the Legislature may provide.” [Italics supplied.]
Under Article V of the Florida Constitution as amended, effective July 1, 1957, the appellate jurisdiction which previously had been conferred on the circuit courts over orders and judgments of the county judge’s court in probate matters was withdrawn. Under the amended provision relating to jurisdiction of the circuit courts, Art. V, § 6, Fla.Const., there was also omitted the provision which had appeared previously by which appellate jurisdiction, in addition to that expressly granted therein, could be conferred on the circuit courts by the legislature. At the same time, by § 5 of Art. V, the district courts of appeal were given the appellate jurisdiction from county judge’s courts pertaining to probate matters.
In view of these changes in the constitution on and after July 1, 1957, the statute, § 732.16, though purporting to do so, no longer was effective to give the circuit courts jurisdiction of appeals from the county judge’s courts relating to probate matters. See Codomo v. Shaw, Fla.1958, 99 So.2d 849; Rosenblum v. Boss, Fla.App. 1958, 101 So.2d 596; State v. J. K., Fla.App.1958, 104 So.2d 113. The statute, § 732.16, is in conflict with the rules where it specifies how appeals shall be taken and wherein it outlines the procedure for progressing the appeals. The Florida Appellate Rules obviously superseded those parts of the statute. But the provision of the statute fixing a 30 day appeal period is not in conflict with the rules, as such different period thus provided for in the statute is adopted and made the appellate rule in such instance.
There is no denying that the statute fixing a 30 day period for filing such appeals is there. However, it was argued that the shorter appeal period fixed in the statute should be ignored in applying appellate rule 3.2, subd. b, because the statute provided for the appeals to be taken to a different court than the district courts of appeal where such appeals must now be brought. That argument would outlaw all such different appeal periods where specified by statutes which existed prior to July 1, 1957, because the district courts were not in existence previously and would not be the courts to which any such earlier statutes referred.
A further argument was made that the appellate rules, in making provision for use of a different appeal period where so specified by statute, did not have reference to any statutes in effect at that time, but only to such as might be so passed in the future. That argument has little force, because if the rule was intended to have such a limited and particular effect it should have so provided. There were a number of such statutes then in effect specifying different periods for taking appeals from various courts or tribunals, and the Supreme Court must be considered to have had in mind those statutes and the policy underlying them when it promulgated the rules with which we are concerned. There was sound reason and good policy which prompted the provision in appellate rule 3.2, subd. b which preserved and made effective, as a part of the appellate rules, those certain shorter periods for taking appeals which had been specifically provided for by stat *414 utes, rather than to apply to every such appeal the general 60 day appeal period. Some of those, in addition to having been recognized and provided for generally under appellate rule 3.2, subd. b, were brought into the appellate rules by expressly adopting the appeal period as they appeared in the statutes. Thus, for appeals by defendants in criminal cases an appeal period of 90 days as specified by § 924.09, Fla.Stat., F.S. A., and rule 6.2, F.A.R.; for appeals by the state in criminal cases an appeal period of 30 days as fixed by § 924.10, Fla.Stat., F.S.A., and rule 6.3, F.A.R.; and for appeals in bond validation suits an appeal period of 20 days as fixed by § 75.08, Fla. Stat, F.S.A., and rule 4.3, F.A.R. As additional examples, there were the statute for a 15 day appeal period (§ 394.22(15) (f), Fla.Stat., F.S.A.) in certain appeals from orders of the county judge relating to incompetents (In re Campbell’s Guardianship, Fla.App. 1959, 114 So.2d 352); a 10 day appeal period fixed by statute (§ 39.14 (2), Fla.Stat., F.S.A.) as to an order of the juvenile court with respect to the custody of a child (In re Evans, Fla.App.1960, 116 So.2d 783) ; and a two day appeal period specified by statute (§ 83.27(1), Fla.Stat., F.S.A.) in certain landlord and tenant proceedings in the civil court of record in Dade County (Placid York Co. v. Calvert Hotel Company, Fla.App.1959, 109 So.2d 604).
In order for the 30 day appeal period as specified in § 732.16 to be effective as to appeals from county judge’s courts in probate matters it is not necessary that the entire statute in which it was embodied remain valid and useful. As we have seen, the provision of the statute which specified that such appeals should be taken to the circuit court is no longer effective and the provisions of that statute regulating the method' of handling the appeals are superseded by the Florida Appellate Rules.
I do not consider that appellate rule 4.4, which makes the Florida Appellate Rules applicable to appeals from county judges’ courts pertaining to probate of estates and interests of minors and incompetents, can be construed to exempt those appeals from the provisions of the appellate rules and § 732.16 relating to time for such appeals. The express placing of such appeals under the Florida Appellate Rules requires that they be governed by all of those appellate rules which are applicable thereto, including rule 3.2, subd. b relating to the time within which such appeals may be taken.
A further argument which was advanced in opposition to the motion to dismiss the appeal in this case was a contention that § 732.16, Fla.Stat., F.S.A., should be disregarded because it made provision for appeal to a trial court, whereas in the case of such probate matters a second statutory appeal previously was possible under § 732.19, which made provision for appeals to be taken in such matters from the circuit court to the Supreme Court, and as to which a 60 day appeal period applied. That argument is no help in deciding the problem now under discussion. The appeals which come to this court from the county judge’s court in probate matters are those which would have gone previously to the circuit court. They represent the first, the direct appeal from the county judge’s court. The appellate jurisdiction which the district courts of appeal exercise in these matters is not that of the second appeal which previously was provided for from the circuit court to the Supreme Court. Moreover, in handling such appeals previously, the circuit court was acting not as a trial court, but in its appellate capacity and in exercise of appellate jurisdiction expressly conferred by the constitution upon that court.
It seems clear that the Supreme Court in drafting the Florida Appellate Rules, by making provision that periods for appeal different than the general 60 day appeal period would be the rule where so provided by statute, intended to give due recognition *415 to the legislative determinations as previously made of the necessity or advisability for other appeal periods in those particular instances in which provision had been so made by statute.[2]

. In re Wartman’s Estate, Fla.App.1960, 118 So.2d 838.

. This result appears to conform to views expressed by the Supreme Court, on the fixing of times for appeal, in Ramagli Realty Co. v. Craver, Fla.1960, 121 So.2d 648.