WIGGINTON, Chief Judge.
Appellant was defendant in an eminent domain proceeding instituted under Chapter 73 of the statutes, F.S.A. He has appealed from the final judgment entered in the cause.
The case is now before the court on appellee’s motion to dismiss the appeal. The record reveals that the judgment appealed was rendered by the trial court on October 31, 1960. The notice of appeal was filed in the Circuit Court of Duval County on December 22, 1960. Appellee contends that this court has no jurisdiction to consider the appeal because the notice thereof was not filed within 30 days from the rendition of the judgment sought to be reviewed as required by that section of the statute authorizing appeals from final judgments in eminent domain proceedings. The statute on which appellee relies provides as follows :
“Any person aggrieved by the final judgment may appeal to the supreme court, but no appeal shall be entered after thirty days from the rendition of the judgment, and such appeal shall in no case operate as a supersedeas where the petitioner has paid the amount of compensation into court as aforesaid, so as to prevent the petitioner’s appro *189 priation of the property pending the appeal. If, at any time after the appeal is taken, the defendant shall take out of the court the amount found to be due him, the appeal shall be dismissed in the supreme court upon the filing of a certificate by the clerk of the circuit court, stating that the defendant has taken out the compensation as aforesaid. Laws 1941, c. 20930, § 14.”[1]
It is apparent that the notice of appeal in this case was filed by appellant more than 30 days, but within 60 days, after the rendition of the judgment sought to be reviewed. If the statute relied upon by appel-lee is controlling, it obviously appears that the notice was not filed within 30 days from the rendition of the judgment as required by the statute. Failure to perfect an appeal within the time provided by law divests the appellate court of jurisdiction to hear the appeal, and requires that it be dismissed.
The prime question which we must decide is whether the cited section of the statute which requires that appeals from final judgments in eminent domain proceedings must be taken to the supreme court within 30 days from the rendition of the judgment sought to be reviewed is valid and controlling in this and all like cases. The statute in question was originally enacted by the legislature at a time when jurisdiction to review final judgments entered in eminent domain proceedings was vested exclusively in the Supreme Court of this state. It was for that reason that the statute very properly provided that appeals from final judgments in proceedings of this kind should be to the supreme court. By amended Article V, of the Constitution, adopted in 1956 and which became effective on July 1, 1957, the jurisdiction of the Supreme Court to review by direct appeal final judgments' entered in eminent domain proceedings was withdrawn except in those cases in which the judgment directly passes upon the validity of a state statute, a federal statute or treaty, or construes a controlling provision of the state or federal constitution.[2] Exclusive jurisdiction to review eminent domain judgments not included within the mentioned exception is vested by the amended Constitution in the District Courts of Appeal.[3] We are primarily concerned with the effect those provisions of the amended Constitution prescribing the respective jurisdictions of the Supreme Court and the District Courts of Appeal have upon the cited section of the statute which provides that appeals shall be taken to the Supreme Court and which limits the time within which appeals may be taken to 30 days from the date on which the judgment is rendered.
In the Codomo case[4] petitioner sought a writ of certiorari from the Supreme Court to review a final order entered by the Florida Real Estate Commission suspending petitioner’s registration as a real estate broker. The question posed for decision related to the proper method of reviewing the administrative order in question. The statute then in effect provided that final orders of the Real Estate Commission may be reviewed by appeal to the Circuit Court of the county from which the appellant applied for registration, and limited the time for taking the appeal to thirty days.[5] At the time this statute was enacted the Constitution then in effect vested in the circuit courts of the state final appellate jurisdiction of all such matters as the legislature may provide.[6] It was upon this constitutional basis that the legislature appropriately provided that appeals from orders of the Real Estate Commission should be taken directly to the circuit court. The last mentioned provision of the former Constitution was eliminated from the *190 amended Constitution adopted in 1956 which is presently in effect.[7] In commenting upon the effect which the change in the appellate jurisdiction of the circuit court brought about by adoption of the amended Constitution had upon the statute there in question, the Supreme Court held that the elimination by the amended Constitution of the circuit court’s jurisdiction to hear appeals of “such other matters as the Legislature may provide” demonstrated an intention on the part of the framers to remove the support for the statute, and that the statute accordingly must fall. It was held that absent the appeal provision of the statute the only appropriate method of review under the amended Constitution was by cer-tiorari to the circuit court. The effect of this decision is that the time for perfecting such review is sixty days from the rendition of the order as provided by the Florida Appellate Rules governing certiorari, rather than the thirty-day appeal time provided by the stricken statute. To have held that the adoption of the amended Constitution merely amended by implication the statute by eliminating the provision for review by appeal, and substituting a provision for review by certiorari, thereby retaining the thirty-day time limit for perfecting such a review, would have done violence to the expressed legislative intent. It was the obvious intention of the legislature that orders of this type should be accorded the wide scope of review provided for by appeal rather than the narrow scope of review limited by the rules relating to certiorari.
In Wartman, In re Wartman’s Estate, 128 So.2d 600, the Supreme. Court had before it for consideration the correctness of a decision rendered by the Third District Court of Appeal. 118 So.2d 838. By its decision the District Court held that notices of appeal to review final orders or decrees of the county judge’s court in probate matters must be filed within thirty days from the rendition of the order sought to be reviewed. The notice of appeal in that case having been filed more than thirty days from the rendition of the order appealed, the appeal was accordingly dismissed.
In determining that the time for taking an appeal from a final judgment or decree rendered in probate matters was limited to thirty days, the District Court relied upon the section of the Probate Act which reads as follows:
"Time for appeal. — An appeal to the circuit court from an order or judgment of the county judge in a probate matter must be taken within thirty days from the date on which the order or judgment appealed was filed in the office of the county judge.” [8]
In its consideration of the District Court’s decision the Supreme Court directed attention to a separate section of the Probate Act dealing with appellate review of judgments and decrees entered in probate, and which provides a second appeal as a matter of right to the party aggrieved by the decision rendered in the circuit court sitting in its appellate capacity, which section is as follows:
“(1) An appeal from the circuit court to the supreme court shall be governed in all respects by the law and the rules regulating appeals in chancery, except as herein otherwise provided. Such an appeal shall be taken within sixty days from the filing in the office of the clerk of the circuit court of the order or judgment of the circuit court appealed.
“(2) After an appeal is taken, the clerk of the circuit court shall make up the record on the appeal to the supreme court from the original probate files in his custody, or from such portions as may be designated by the parties to the appeal, and he shall certify that such record is correct.
*191 “(3) The clerk of the circuit court shall retain the original probate file until he has made up and certified the transcript, whereupon he may immediately return such file to the county judge. If there is no supersedeas of the circuit court’s judgment, the mandate shall be delivered to the county judge at the expiration of the time limited for taking the appeal to the supreme court. As amended, Laws 1945, c. 22783, § 2; Laws 1945, c. 22847, § 4.” [9]
The Supreme Court directed attention to the fact that at the time the foregoing sections of the Probate Act were enacted by the Legislature, the Constitution then in effect vested in circuit courts supervision and appellate jurisdiction of matters arising before county judges pertaining to their probate jurisdiction.[10] The former Constitution also vested in the Supreme Court appellate jurisdiction of appeals from circuit courts in cases arising before judges of the county courts in matters pertaining to their probate jurisdiction.[11] The Probate Act therefore had a constitutional basis for providing that appeals from county judge’s courts in probate should be taken first to the circuit court, and providing a second appeal to the Supreme Court to review the opinion of the circuit court by any aggrieved party.
The Wartman decision correctly pointed out that the Constitution which was in effect at the time the Probate Act was originally adopted was amended in 1956, by which amendment the jurisdiction of the circuit courts and the Supreme Court to review final judgments or orders entered by county judge’s courts pertaining to probate matters has been withdrawn,[12] and jurisdiction to hear such appeals is vested exclusively in the District Courts of Appeal.[13] One aggrieved by the entry of a final order or decree in the county judge’s court pertaining to probate no longer has two appellate reviews of the order as a matter of right, but is confined to only one review by appeal to the District Courts of Appeal. The Supreme Court accordingly held that since the constitutional basis for those provisions of the Probate Act pertaining to appeals no longer exists by virtue of the amended Constitution, that all of such sections are held to be unconstitutional, void and of no effect. The reasoning employed in reaching this conclusion is in conformity with the rationale of the prior decision of the court rendered in Codomo, supra.
Having held that the sections of the Probate Act which provide for appeals from probate orders to the circuit courts, and then to the Supreme Court, were void for the reason that those courts now have no constitutional jurisdiction to review such orders, the Supreme Court went further to consider the effect of its decision upon that provision of the Probate Act which limits the time for taking appeals to the circuit court to thirty days. The court held that to allow the thirty-day limitation of time within which appeals should be taken to remain alive, when all the remainder of the statute has lost its constitutional validity, would do serious damage to the court’s previous decisions on statutory interpretation as well as the plain intendments of amended Article V of the Constitution. It held that fragmentary invalidation of those sections of the Probate Act dealing with appeals which contain no severability or savings clause so as to uphold the portion of the statute containing the thirty-day provision is an unacceptable legal method of striking objectionable provisions, absent legislative intent in that direction. It therefore held that the entire five enumerated 'sections of the statute must fall, including the provision limiting *192 time within which appeals must he taken from orders in probate entered by the county judge’s court.
Having reached the foregoing decision the Supreme Court held that the time for taking appeals in probate matters is now controlled by that section of the statute, implemented by our Florida Appellate Rules, which provide that appeals shall be taken or filed within 60 days from the rendition of the order, decision, decree or judgment appealed from.[14]
Reverting now to the question presented by appellee’s motion to dismiss the appeal, we find that the only statute specifically governing appeals from final judgments entered in eminent domain proceedings provides that such judgments may he reviewed by direct appeal only to the Supreme Court. F.S. Sec. 73.14, F.S.A. Does the fact that under the present Constitution appeals from judgments entered in eminent domain proceedings may no longer be reviewed by appeal to the Supreme Court invalidate the entire statute, or may it be held that the statute has been amended by implication through adoption of amended Article V of the Constitution vesting appellate review in district courts of appeal?
In the case of State v. J. K., a minor,[15] the Second District Court of Appeal considered the effect which amended Article V of the Constitution had upon the Juvenile Court Act previously adopted and in effect at the time the amendment became effective. That act provides for review of orders entered by juvenile courts by direct appeal to the circuit court of the circuit within which the juvenile court is established.[16] It was pointed out that under the Constitution in effect when the statute was adopted, the legislature was authorized to vest in the circuit courts jurisdiction to review orders entered by juvenile courts within the circuit. Attention was directed to the fact that by amended Article V of the Constitution, the jurisdiction of the circuit court to review orders entered by juvenile courts has been withdrawn and no longer exists. It was ultimately held that since juvenile courts are trial courts, final orders entered therein are properly reviewable only by the district court of appeal pursuant to the jurisdiction conferred by amended Article V, § 5(3), of the Constitution, which provides that appeals from trial courts in each appellate district * * * may be taken to the court of appeal of such district as a matter of right from all final judgments or decrees * * *. The holding in the mentioned case was adopted and followed by this court in the case of In re C. E. S.[17] and by the Third District Court of Appeal in the Evans case.[18] In the Evans case it was also held that the remaining provision of the Act which limits the time for taking such appeals to a period of ten days after the entry of the order appealed remains in effect, and is controlling.[19] The effect of this decision was to hold that amended Article V of the Constitution in turn amended by implication the appeal provision of the Juvenile Court Act by substituting the district court of appeal for the circuit court as a proper forum to which appeals from juvenile court orders may be taken. Such holding did no violence to, but was consistent with the expressed legislative intent that final orders entered by juvenile courts should be accorded the broad scope of review permitted by the rules relating to direct appeals, and was in conformity with accepted rules of statutory construction.
*193 We therefore hold that amended Article V of the Constitution fixing the respective jurisdictions of the Supreme Court and the district courts of appeal had the effect of amending by implication the above quoted section of the statute relating to appeals from final judgments entered in eminent domain proceedings by substituting the district courts of appeal for the Supreme Court as the proper forum to which appeals should be taken, unless, of course, the judgment is based upon one of the specific subjects which permits direct appeal to the Supreme Court.
Our present rules of appellate practice provide that from their effective date they shall supersede all conflicting rules or statutes, and all statutes not superseded thereby and in conflict therewith shall remain in effect as rules promulgated by the Supreme Court.[20] These rules further provide that appeals from final decisions, orders, judgments or decrees shall be commenced within sixty days from the rendition of the final decision, order, judgment or decree appealed from unless some other period of time for taking an appeal is specifically provided by statute or the rules.[21] The statute which we are now considering provides that appeals from final judgments entered in eminent domain proceedings shall be taken within thirty days from the rendition of the judgment sought to be reviewed. The appeal time limited in this statute comes within the exception to the Florida Appellate Rules above-mentioned. The time limitation for taking an appeal from this type of judgment is controlled by the statute and not by the appellate rules.
Since the notice of appeal in this case was not filed within the thirty days limited by the statute, we hold that the appeal was untimely filed and appellee’s motion to dismiss is accordingly granted.
STURGIS and CARROLL, DONALD K., JJ., concur.

. F.S. Sec. 73.14, F.S.A.

. Article V, § 4(2), Florida Constitution, F.S.A.

. Article V, § 5(3), Florida Constitution.

. Codomo v. Shaw, Fla.1958, 99 So.2d 849.

. F.S. See. 475.35, F.S.A.

. Article V, § 11, Florida Constitution.

. Article V, § 6, Florida Constitution.

. F.S. Sec. 732.16(2), F.S.A.

. F.S. Sec. 732.19, F.S.A.

. Article V, § 11, Florida Constitution.

. Article V, § 5, Florida Constitution.

. Article V, §§ 4(2) and 6(3), Florida Constitution.

. Article V, § 5(3), Florida Constitution.

. F.S. Sec. 59.08, F.S.A.; Rule 3.2, subd. b, Florida Appellate Rules 31 F.S.A.; In re Estate of Wartman, Fla.1961, 128 So.2d 600.

. State of Florida v. J. K., Fla.App.1958, 104 So.2d 113.

. F.S. See. 39.14(1), F.S.A.

. In re C. E. S., Fla.App.1958, 106 So. 2d 610.

. In re Evans, Fla.App.1960, 116 So.2d 783.

. F.S. See. 39.14(2), F.S.A.

. Rule 1.4, F.A.R.

. Rule 3.2, subd. b, F.A.R.