PER CURIAM.
This cause originally came before this court on a motion to dismiss the appeal as being untimely filed, and the appeal was so dismissed. See In re Wartman Estate, Fla. App.1960, 118 So.2d 838. Said dismissal was reviewed upon certiorari by the Supreme Court of Florida, and resulted in an opinion quashing the opinion and decision of this court and reinstating the appeal. See: In re Wartman Estate, Fla.1961, 128 So.2d 600. Thereafter, upon the filing of briefs and application for oral argument, this matter was set for hearing before this court, at which time counsel for the respective parties waived the right to oral argument and submitted the matter on briefs.
The appellant seeks review of an order discharging the appellee as executrix of the estate of her deceased husband, upon the ground that she received no notice of said *660 ■discharge. It appears from the record that the appellee was the sole beneficiary under the will; that she had in her possession, as executrix, all of the assets of the estate and upon filing the appropriate waiver, provided in F.S. § 734.22, F.S.A., no notice was required and the county judge was authorized to enter the order of discharge pursuant to the provision of F.S. § 734.23, F.S. A. Therefore, the order of discharge was correct in all respects, and this appeal is without merit and the order appealed from is affirmed.
Affirmed.